## 8606. PALMER v. THE STATE.

GEORGE, J. 1. No judgment of a trial court in a criminal case shall be reversed by either the Supreme Court or the Court of Appeals for lack of proof of venue or of the time of the commission of the offense, save where the particular point has been specifically raised by a ground of the motion for a new trial. Acts 1911, p. 149; Park's Penal Code, § 1101 (a).

2. There being no specific assignment of error upon the ground that the State failed to prove the venue of the offense, that question can not be considered. The evidence, however, was insufficient to sustain the verdict. *Judgment reversed. Wade, C. J., and Luke, J., concur.*
DECIDED APRIL 21, 1917.

Accusation of misdemeanor; from city court of Tifton—Judge Price. March 5, 1917.

*J. B. Murrow,* for plaintiff in error.

*J. S. Ridgdill, solicitor,* contra.

---

## 8328. DOWDELL v. THE STATE.

LUKE, J. The conviction being dependent on circumstantial evidence, and the evidence not being sufficient to identify the corn found in the defendant's possession as the corn alleged to have been stolen, and to exclude every other reasonable hypothesis than that of his guilt, the verdict was unauthorized, and the court erred in overruling the motion for a new trial.
*Judgment reversed. Wade, C. J., and George, J., concur.*
DECIDED APRIL 24, 1917.

Indictment for larceny; from city court of Americus—Judge Harper. October 23, 1916.

*Shipp & Sheppard,* for plaintiff in error.

*John A. Fort, solicitor-general, Zach Childers, solicitor,* contra.