32550.   SMITH *v.* THE STATE.

Decided July 11, 1949.

*Barrett & Hayes,* for plaintiff in error.

*Paul Webb, Solicitor-General, Carl Copeland, Robert A. Black-wood, William Hall,* contra.

TOWNSEND, J. (After stating the foregoing facts.) ■ Special ground 5 of the amended motion for a new trial contends that the trial court erred in making a prejudicial and improper remark in the presence of the jury during the progress of the trial. The remark grew out of a colloquy between counsel for the defendant and the court over the admissibility of certain evidence. Counsel for the defendant had just stated that the defense expected to show that Eddie Wilson (the deceased) came

to the house where his wife, Dorothy, lived; that the proposed witness, who also lived there, opened the door for him and that as he walked in he had a gun in his pocket and that he was there to kill his wife. Whereupon the court replied, "Well, he did kill her, didn't he, according to your contentions? You are pleading that is a reason why this defendant killed him?"

The defendant contends by this special ground of his amended motion for a new trial that this statement by the court expressed an opinion as to what the evidence was; also, that it stated a contention of the defendant erroneously and that it was prejudicial to the defendant.

No objection was interposed to the statement of the court at the time it was made. No motion for a mistrial was made, or for instructions to the jury that they should disregard the statement, and no request was made for the court to withdraw the statement. The question was raised for the first time in the motion for a new trial, and, as held in *Pulliam* v. *State,* 196 *Ga.* 782 (supra), headnotes 6 and 7, and the corresponding divisions of the decision wherein the case of *Potter* v. *State,* 117 *Ga.* 693 (45 S. E. 37), holding to the contrary, was overruled, the defendant cannot abide the chance of a favorable verdict, and, after the return of an adverse verdict, have it set aside because of an improper remark by the trial judge. See also *Oglesby* v. *State,* 73 *Ga. App.* 703, 707 (supra). This assignment of error is without merit.

■ Special ground 6 of the amended motion for a new trial contends that the trial court erred in excluding from the jury evidence of a police officer offered by the defendant as follows: "We got the information at the time we made the investigation that Dorothy Wilson and her husband had separated and had been separated several months."

Evidence to the effect that Eddie Wilson and Dorothy Wilson had separated repeatedly appears in the record. There is evidence as to the time of the separation and also evidence of a pending divorce action. It is well settled that exclusion of evidence, though admissible, at some point in the trial, is not sufficient cause for a new trial, where the excluded evidence is admitted elsewhere. *Loeb* v. *State,* 75 *Ga.* 258 (5). The record discloses that this evidence of separation was undisputed. As-

suming, but not deciding, that this evidence was admissible, its exclusion was not harmful error, and this ground of the amended motion for a new trial is without merit.

■ Special ground 7 of the amended motion for a new trial contends that the trial court erred in failing to charge Code § 38-1803, which deals with the subject of impeachment of witnesses. A principal witness for the State was materially contradicted by other testimony, and this charge would have been authorized by the evidence. However, it was not requested, and it is well settled that a charge on impeachment is not required in the absence of a timely request. See many cases cited under Code (Ann.) § 81-1101, catchword "witnesses."

■ Counsel for the defendant in their brief contend that the trial court erred in not granting a new trial on the general grounds because the brief of evidence shows that the State failed to prove the venue. Lack of venue is not specifically raised by a ground of the motion for a new trial, and, therefore, under Code § 6-1609, this contention is without merit, as failure of proof of venue cannot be raised by the general grounds only of a motion for a new trial. See *Palmer* v. *State,* 19 *Ga. App.* 752 (2) (92 S. E. 233).

■ Under one phase of the evidence the jury was authorized to find that after the first exchange of shots between Eddie Wilson and the defendant, during which the former killed his wife, Dorothy Wilson, who at the time was the companion of the latter, the defendant, then in the heat of passion by reason thereof, pursued Eddie Wilson, disarmed him, and killed him.

The evidence therefore supports the verdict of guilty of voluntary manslaughter and the general grounds of the motion for a new trial are without merit.

■ Special grounds 1, 2, 3, and 4 of the amended motion for a new trial amount to no more than a restatement of the general grounds, and are without merit.

The judgment of the trial court overruling the motion for a new trial as amended is without error.

*Judgment affirmed. MacIntyre, P. J., and Gardner, J., concur.*