34218, 34219.   BEAM *v.* THE STATE (two cases).

DECIDED SEPTEMBER 19, 1952.

*Hicks & Culbert,* for plaintiff in error.

*Dan Winn, Solicitor,* contra.

GARDNER, P.J. Counsel for the defendant admit that the testimony of Jackson is sufficient to make out a case insofar as the general grounds of the motion for new trial are concerned. A reversal of the judgment overruling the motion is urged on the two special grounds.

Special ground 1 assigns error in that the court, over objections of the defendant's counsel, admitted in evidence the testimony of the State Trooper to the effect that when Jackson was stopped on Treat Mountain Road, the trooper inquired of him how much whisky he had and Jackson responded that he had eighty gallons, and that it was not his whisky, but belonged to Beam and Worley. It is contended that such testimony was hearsay; that the statements of the witness, Jackson, were made out of the presence and hearing of the defendant, and were inadmissible against the defendant. We will not here go into the colloquy between counsel for the defendant and the court with reference to the testimony to which objection is made, since we deem it unnecessary. It is our opinion that the evidence was admissible for several other reasons: (a) It was a part of the res gestae. (b) The record clearly presents a conspiracy between the defendant and Jackson and the statement was made during the pendency of the criminal project. *Thompson* v. *State,* 166 *Ga.* 758, 777 (144 S. E. 301); *Jones* v. *State,* 63 *Ga.* 395. (c) It was admissible to show the conduct of the officer in stopping

the car in which the defendant was riding. (d) If it were conceded that the admission of testimony was erroneous as specified in this ground, it would not require a reversal because the witness, Jackson, during the trial of the case, testified to the same thing himself. *Martin* v. *State*, 44 *Ga. App.* 276 (161 S. E. 371). There is no merit in this contention.

Special ground 2 complains because the court failed, without a written request, to charge the principle of law applicable to impeachment of witnesses. It is contended in this ground that since Jackson admitted in his statement that he told the officers that at one time the whisky belonged to him, and on the trial of the instant case testified that it belonged to the defendant, such evidence was so contradictory that the law required the trial court to give the law regarding the impeachment of witnesses without a request, and to fail to do so was reversible error. This contention does not seem to be the law. *Cady* v. *State*, 198 *Ga.* 99, 110 (31 S. E. 2d, 38) ; *Loomis* v. *State*, 78 *Ga. App.* 336, 337 (8) (51 S. E. 2d, 33) ; *Smith* v. *State*, 79 *Ga. App.* 595, 599 (54 S. E. 2d, 378). Counsel for the plaintiff in error called our attention to no decision challenging the principle of law involved in either of the special grounds. This special ground is without merit.

The court did not err in overruling the motion for a new trial for any of the reasons assigned.

*Judgment affirmed. Townsend and Carlisle, JJ., concur.*