19280. PARKS *v.* THE STATE.

434

ARGUED MARCH 12, 1956—DECIDED MAY 14, 1956—
REHEARING DENIED JUNE 14, 1956.

*Scoggin & Martin,* for plaintiff in error.

*Chastine Parker, Solicitor-General, Eugene Cook, Attorney-General, Rubye G. Jackson,* contra.

MOBLEY, Justice. Charles Stephens, Ben McGuire, Johnny Carter, and Robert Parks were jointly tried for the offense of robbery by force. At the trial, each of the defendants testified under oath on behalf of the others. Parks was found guilty and was sentenced to serve from four to eight years in the penitentiary. His motion for new trial on the general grounds and seven special grounds was overruled, and he excepts to that judgment.

■ Special ground one excepts to the charge of the court on the defendant's statement, upon the ground that the defendant made no statement not under oath. It is difficult to determine from the record whether the defendant made a statement not under oath, inasmuch as he was first sworn as a witness and then made what appears in the record as "statement of Robert Parks, defendant." However, a defendant is prohibited under the law from making a statement under oath, and the record does not show that the law was violated in this respect. The better practice in such a case as this would be to permit a defendant to make his statement, under proper instructions from the court, before being sworn as a witness so as to avoid any question as to whether it was or was not made under oath; and in instructing the jury to clearly differentiate between a defendant's statement and his sworn testimony. But where, as here, the record contains a statement of the defendant, an assignment of error upon a correct charge as to the defendant's statement is without merit.

■ The remaining special grounds of the motion for new trial have been carefully examined, and they are without merit.

■ The record in this case discloses that the State failed to prove venue. Proof of venue is part of the State's case, and a failure of the State to prove venue is cause for a reversal. *Fowler*

v. *State,* 189 *Ga.* 733 (8 S. E. 2d 77), and cases cited. This court has many times held that venue is a jurisdictional fact, that it must be proved, and that the lack of sufficient evidence of venue is covered by the exception that the verdict is contrary to law and without evidence to support it. *Berry* v. *State,* 92 *Ga.* 47 (17 S. E. 1006); *Futch* v. *State,* 90 *Ga.* 472 (1) (16 S. E. 102); *Brown* v. *State,* 123 *Ga.* 502 (51 S. E. 505). These decisions and many others to the same effect were rendered prior to the enactment by the General Assembly of a statute of 1911 (Ga. L. 1911, p. 149), which reads in part as follows: "No judgment of a trial court in a criminal case shall be reversed by either the Supreme Court or the Court of Appeals for lack of proof of venue or of the time of the commission of the offense, save where the particular point has been specifically raised by a ground of the original or amended motion for new trial." Code § 6-1609.

The Court of Appeals has applied that statute in several cases, holding that failure to prove venue must be specifically raised in accordance with this provision. *Prather* v. *State,* 72 *Ga. App.* 788 (35 S. E. 2d 144); *Smith* v. *State,* 79 *Ga. App.* 595 (4) (54 S. E. 2d 378); *McGregor* v. *State,* 89 *Ga. App.* 522 (3) (80 S. E. 2d 67). This court has not heretofore dealt with the question, but we are face to face with it here, as the defendant did not specifically raise the question of failure to prove venue, and insists upon the general grounds of his motion for new trial.

The Constitution of Georgia, article 6, section 14, paragraph 6 (Code, Ann., § 2-4906), provides as follows: "All criminal cases shall be tried in the county where the crime was committed, except cases in the Superior Courts where the Judge is satisfied that an impartial jury cannot be obtained in such county." The State has failed to prove that the alleged crime was committed in Floyd County where the case was tried. Therefore, the State has failed to make out its case, and the verdict is contrary to law and without evidence to support it. Does the legislature have the authority to provide that this court may not so hold unless this question is submitted to this court in a specified manner? We think that it does not. It is not within the power of the General Assembly, by any exercise of its legitimate legislative functions, to impose limitations and restrictions, as is attempted to be done here, which deprive the defendant of his constitutional right to be tried in a court that has jurisdiction of his case.

The Constitution provides that "The legislative, judicial and executive powers shall forever remain separate and distinct, and no person discharging the duties of one, shall, at the same time, exercise the functions of either of the others, except as herein provided." Code (Ann.) § 2-123. A review of the cases dealing with this provision of the Constitution shows that this court has zealously protected each of the three branches of the government from invasion of its functions by the others whenever it has had the opportunity. In the early case of *Calhoun* v. *McLendon,* 42 *Ga.* 405, 407, it was stated: "In the dividing line. of power between these co-ordinate branches we find here the boundary— construction belongs to the courts, legislation to the legislature. We can not add a line to the law, nor can the legislature enlarge or diminish a law by construction." In the case of *Holliman* v. *State,* 175 *Ga.* 232, 238 (165 S. E. 11), this court said: "We fully recognize that it is the right of the General Assembly to pass all laws, civil or criminal, which advance the rights of citizens, and it is the duty of the court to neither add to nor take from the laws as thus passed, but to enforce them as written." And in the recent case of *McCutcheon* v. *Smith,* 199 *Ga.* 685, 690 (35 S. E. 2d 144), it was said: "While the line of demarcation separating the legislative, judicial, and executive powers may sometimes be difficult to establish, and for this reason each of the three co-ordinate branches of government frequently invades the province of the others, it is nevertheless essential to the very foundation of our system of government that the mandate of the constitution be strictly enforced. The judicial branch doubtless invades the legislative field more frequently than does the legislative branch the judicial field, but it is the duty of each to zealously protect its function from invasion of the others. The legislature has ample power to prevent attempted judicial legislation. Likewise the judiciary has the power to prevent judicial functions by the legislature, and the welfare of the State demands that it exercise this power when necessary."

The case of *Bradley* v. *State,* 111 *Ga.* 168 (36 S. E. 630, 50 L. R. A. 691, 78 Am. St. R. 157), presented to the court a situation which is closely analogous to that with which we are dealing. There the legislature passed an act defining what constituted contempt of court. This court there held that the superior courts of this

State are constitutional courts, that the power to punish contempts is inherent in every court of justice, and that the statute in question was therefore not binding upon the court. In discussing this question it was stated (p. 170): "In the formation of our government, Federal and State, the three departments of government were in each constitution ordained to be separate, distinct and independent of each other. No one of them had any right or power to infringe upon the power or jurisdiction of the other, without an express constitutional provision granting this right or power. The legislature can not take away, restrict, or modify any of the powers conferred by the constitution upon the executive. Nor can the executive infringe upon the powers of the legislature. Nor can either the legislative or executive abridge the powers conferred by the constitution upon the courts, unless express authority is given. . . When the constitutional convention established our courts, it vested in them all the power necessary to carry out the purposes for which they were designed. Such a court established with such powers, is not in the exercise of these powers subject to legislative control. The superior court is a constitutional court, established with these powers, and the legislature has no right, without express constitutional authority, to abridge, restrict, or modify either its jurisdiction or its powers."

The Supreme Court of Georgia is a constitutional court, created for the trial and correction of errors from the superior and other named courts, in capital felony and other specified cases. Constitution, art. 6, sec. 2, par. 4 (Code, Ann., § 2-3704). It is our duty here to determine whether the verdict in this case is contrary to law and the evidence, and it is not within the power of the legislature to interfere with the judiciary in the determination of this question. "The attempt of the General Assembly, in the passage of the act referred to, is an invasion of the prerogative of the judiciary, which is not sanctioned by the constitution." *Holliman* v. *State,* supra, headnote 3. The legislature may not, without express constitutional authority, abridge, restrict, or modify the jurisdiction and power of the judiciary. Consequently, Code § 6-1609 is not binding upon this court.

Applying the foregoing principles to this case, the trial court erred in overruling the general grounds of the defendant's motion for new trial.

*Judgment reversed. All the Justices concur.*