## 57101. BARFIELD v. THE STATE.

DEEN, Presiding Judge.

Bobby L. Barfield brings this appeal from his conviction for theft by receiving stolen property.

1. Appellant cites as error the trial court's charge to the jury: ". . . you would be authorized to determine whether the suspicions of a reasonable person would have been excited as a result of these circumstances, and if you should so find, you would be authorized to thus imply knowledge on the part of the Defendant that the property alleged to have been received, disposed of or retained by the defendant was, in fact, stolen." This portion of the charge is taken out of context and a consideration of the charge as a whole shows it to be fair and to completely cover the principles of the law involved. Knowledge that goods are stolen may be shown by circumstances that would excite the suspicion in the mind of an ordinarily prudent person. *Hudgins v. State,* 125 Ga. App. 576 (188 SE2d 430) (1972). This enumeration is without merit.

2. Appellant complains that the trial court erred in overruling his motion for a directed verdict because there was no evidence to show that the goods were received by him in Chatham County as the goods were proved to be stolen in Turner County and transported to Chatham County and that no evidence was adduced to show that he received them with knowledge that they were stolen.

Venue lies in any county in which the accused exercised control over the stolen property. Code Ann. § 26-1811; *Ruis v. State,* 128 Ga. App. 696 (197 SE2d 791) (1973). The state showed that appellant and his traveling companion, Ms. Stephens, attempted to sell the silverware several times before he pawned four of the stolen sterling silver bowls at Welch's Pawn Shop and later redeemed them.

3. The verdict was supported by the evidence. Under the case law in Georgia, knowledge in a theft by receiving case "may be inferred from circumstances which would excite the suspicions of an ordinarily prudent man." *Shorts v. State,* 137 Ga. App. 314, 315 (223 SE2d 504)

(1976); *Hudgins v. State,* supra. Evidence that approximately one hundred pieces of silverware were marked with the name "Ewing" would authorize the jury to find that this marking was an indication that this property did not belong to his companion Stephens and that it would place him on notice as to its questionable origin.

*Judgment affirmed. McMurray and Shulman, JJ., concur.*

Submitted January 10, 1979 — Decided February 1, 1979 — Rehearing denied February 26, 1979 — 

*John J. Sullivan,* for appellant.

*Andrew J. Ryan, III, District Attorney, Stephen R. Yekel, III, Robert M. Hitch, III, Assistant District Attorneys,* for appellee.