## 64711. AYERS v. THE STATE.

McMURRAY, Presiding Judge.

Defendant was convicted of the offense of theft by receiving stolen property, a felony, that is, receiving one diamond ring, property of the estate of a person now deceased, having a value of more than $200, "knowing or should have known that said property was stolen, said property not having been received with intent to restore it to the owner." Defendant appeals. *Held:*

1. One of the state witnesses testified that the ring which was the property of his grandmother, now deceased, had been given to his mother for safekeeping by the grandmother during her last illness when she went to the hospital. The ring was missing. This witness also testified from his knowledge of purchasing a diamond ring for his wife that in comparing that jewelry with rings of equal size with that belonging to his grandmother, of equal clarity and equal value, it was his opinion that he would place the value of his grandmother's ring at

"five thousand dollars." The state then offered evidence from the principal thief that he had stolen two rings from the home of the first witness' mother and had intended to pawn it but "sold" it to the defendant, a pawnshop operator, "for $28." One ring was recovered but not the grandmother's ring. The totality of the evidence, including the admission of the defendant, is that the grandmother's ring was either "pawned" or "sold" to him by the principal thief although the amount of money involved in that transaction is somewhat in conflict and also as to whether the ring was "pawned" or "sold." The defendant also admitted that he had received information from the grandson to be on the lookout for the missing ring. The defendant also admitted that he had sold the "pawned" ring along with another although he was not sure of the amount received as it was sold for either $400 for one ring and $250 for the other.

While the state did not prove the administration of the estate of the deceased owner it cannot be said that it failed to establish ownership of the alleged stolen property. Further, the issue was theft by receiving stolen property, and the defendant should have known that the property was stolen, there being testimony that the ring was missing and the principal thief having testified that he stole it and either "pawned" or "sold" it to the defendant who had been advised that a ring of a certain description had been stolen shortly before it was pawned or sold to him. The jury here had for determination whether the defendant's explanation surrounding the circumstances of his possession of the ring was adequate or inadequate in that he received it and disposed of it knowing or should have known that it was stolen and the property was not received, disposed of or retained with any intent to restore it to the owner. See Code Ann. § 26-1806 (Ga. L. 1968, pp. 1249, 1292; 1969, pp. 857, 859, now Official Code of Georgia Annotated, § 16-8-7). The evidence also established a disproportionate price between the amount paid for the "pawned" or "sold" ring and what the defendant received for it when he sold it. The evidence was adequate to sustain defendant's conviction of theft by receiving stolen property. *Borgh v. State,* 146 Ga. App. 649, 650 (1) (247 SE2d 137); *Callahan v. State,* 148 Ga. App. 555, 556-557 (4) (251 SE2d 790); *Barfield v. State,* 149 Ga. App. 166 (3) (253 SE2d 781). Further, the evidence here was ample to establish the ownership of the stolen property even though the state failed to establish that the decedent's estate was being administered. There is no merit in the first two enumerations of error.

2. The state established by competent evidence the value of the stolen ring, the jury having sufficient expert opinion testimony with reference thereto to determine from its own experience the valuation

thereof. See *Jones v. State,* 139 Ga. App. 366, 367 (4) (228 SE2d 387). From the evidence the jury properly concluded the diamond ring had a value in excess of $200 so as to make the crime a felony, rather than a misdemeanor under Code Ann. § 26-1812 (a) (Ga. L. 1968, pp. 1249, 1295; 1972, pp. 841, 842; 1978, pp. 1457, 1458; 1981, pp. 1552, 1553; 1981, p. 1576, now Official Code of Georgia Annotated, § 16-8-12, as amended by Ga. L. 1982, p. 1371, § 2). While value was not an element of the crime it was relevant for the purpose of distinguishing between a misdemeanor and a felony. *Stancell v. State,* 146 Ga. App. 773 (2) (247 SE2d 587).

3. The next enumeration of error is one in which the defendant contends that the state failed to show the defendant received the stolen item with knowledge of the theft of the item. The state offered the testimony of the principal thief, 18 years of age, that he had "sold" the ring to the defendant for a very small amount of money ($28). The defendant admits he had sold the "pawned" ring for considerably more money than he had paid for it or loaned out in pawn and prior to the time he "purchased" the ring the grandson had called him about one ring but he could not now recall the exact description as given to him. His records also show an entry reflecting that the thief "pawned" the ring for considerably more money than that which the thief contends he received. The circumstances, the time, and all the transactions before and afterwards, including conduct and behavior, as well as the character and kind of property show guilty knowledge. *Birdsong v. State,* 120 Ga. 850 (3), 853 (48 SE 329); *Saunders v. State,* 145 Ga. App. 248, 249-250 (1) (243 SE2d 668). There is no merit in the complaint that the state failed to show the defendant received the stolen item with knowledge of the theft of the item.

4. In the remaining enumeration of error the defendant contends that the state failed to recover the stolen property in order that the stolen ring and the ring received by the defendant could be shown to be the same item. We find no merit in this complaint since the ring was shown by the circumstantial evidence to be the same, and the defendant had sold it. The state is not required to recover the stolen property before bringing the criminal action. We find no merit in this complaint.

*Judgment affirmed. Banke and Birdsong, JJ., concur.*

DECIDED OCTOBER 29, 1982.

*Ronald S. Iddins, Floyd W. Keeble, Jr.,* for appellant.
*J. Cleve Miller, District Attorney, Francis J. George, Assistant*

*District Attorney,* for appellee.