## 70642. TROGDON v. THE STATE.

(335 SE2d 481)

DEEN, Presiding Judge.

On December 1, 1982, a promissory note for a principal sum of $82,000 plus interest was executed by the J. S. Trogdon Company, Inc. (a commercial painting contractor), in favor of the Bank of Coweta (Bank). The appellant, J. S. Trogdon, signed the note on behalf of the corporation, although no corporate representative capacity or position was specified. Trogdon also signed personally as guarantor. This promissory note actually was a renewal of an earlier indebtedness.

The Bank was granted a security interest in the company's leasehold improvements, furniture and fixtures, machinery and equipment, automobiles and trucks, and accounts receivable. Lists of collateral were prepared on different dates, but the primary list of fixed assets was dated October 20, 1981. A list of accounts receivable was updated as of August 10, 1982, and at the time of the renewal of the note on December 1, 1982, Trogdon had represented that the company's collateral was essentially unchanged.

It appears that in 1982 the corporation did pay the Bank around $33,000 to renew the note. However, during that year the corporation suffered serious financial reverses, of which, to some extent, the Bank was aware. Subsequent to the execution of the renewal note on December 1, 1982, the corporation failed entirely and became insolvent. No further payments on the note were made other than a credit of $6,000, which was proceeds from the Bank's sale of bank stock personally owned by the appellant.

The Bank then filed an action against the corporation in Cobb County (the location of the corporation's primary office), but apparently service was never perfected. The Bank also filed an action in Forsyth County against the appellant on his personal contract of guaranty for the corporate debt. (As of the date of the trial in the instant case, this Forsyth County action was still pending.)

In June 1983, pursuant to the Bank's demand, the appellant surrendered what collateral remained in his possession, but its sale only produced approximately $2,000. In conjunction with the Forsyth County action, the Bank took the deposition of the appellant, during which the appellant initially stated that he did not feel obligated to

pay the Bank but eventually agreed to pay the debt. The deposition was closed after the appellant agreed to make arrangements within a few days to pay the Bank. The appellant, however, never appeared to make any such arrangements.

In June 1984, the Bank's attorneys, serving as special prosecutors for the State Court of Coweta County, prepared an accusation against the appellant, charging him with violation of OCGA § 16-9-51. Even though he was charged with a misdemeanor and had no prior criminal record, the appellant was required to post a felony bond of $50,000 pending the trial. The jury found the appellant guilty, and the trial court sentenced him as a first offender to a probated sentence of twelve months' imprisonment, provided that the appellant pay a total of $44,000 to the Bank during that period of probation. On appeal, Trogdon contends, inter alia, that the trial court erred in not directing a verdict of acquittal on the basis that the state had failed to prove venue in Coweta County. *Held*:

1. "[V]enue in criminal cases is a matter of jurisdictional fact, and like every other material allegation in the indictment must be proved beyond a reasonable doubt." *Dickerson v. State*, 186 Ga. 557, 559 (199 SE 142) (1938); see also *Patterson v. State*, 157 Ga. App. 233, 234 (276 SE2d 900) (1981). Where venue is not established by the state, any ensuing judgment is void, although reversal of a conviction on this basis does not prevent retrial in a court where venue is proper and proven. *Patterson v. State*, 162 Ga. App. 455 (291 SE2d 567) (1982); *McCoy v. State*, 62 Ga. App. 575 (8 SE2d 795) (1940).

OCGA § 16-9-51 (a), the crime for which the appellant was charged and convicted, provides that "[a] person who destroys, removes, conceals, encumbers, transfers, or otherwise deals with property subject to a security interest with intent to hinder enforcement of that interest shall be guilty of a misdemeanor." Subsection (b) also provides that "the crime shall be considered as having been committed in any county where any act in furtherance of the criminal scheme was done or caused to be done."[1]

In the instant case, in order to establish venue in Coweta County, there must be some evidence that the defendant took some action in the terms set out in the statute to hinder enforcement of the bank's security interest. There is no such evidence in the record. Defendant's offices were in Cobb County. His residence was never in Coweta County, but rather in Cherokee, Fulton or Forsyth. The record shows

---

[1] The dearth of appellate decisions suggests that prosecutions under this Code section are rare. Prosecution of the appellant in the instant case was apparently instigated by the bank attorneys, who also represented the bank in its civil action against the appellant. Whether this suggests a potential for improper manipulation of this criminal process to enforce a civil liability, however, is not in issue here.

that the property subject to the security interest was never in Coweta County. The only action in regard to the bank's security interest taken in Coweta County was the establishment of that interest. This action is in no way proscribed conduct under the terms of OCGA § 16-9-51. Thus, the state has failed to establish the essential element of venue for the crime charged. For this reason, the judgment below must be reversed.

2. In view of the foregoing division, we do not address the appellant's remaining enumerations of error.

*Judgment reversed. Banke, C. J., McMurray, P. J., Birdsong, P. J., Carley, Sognier, Pope and Benham, JJ., concur. Beasley, J., dissents.* *

DECIDED SEPTEMBER 26, 1985 —
REHEARING DENIED OCTOBER 31, 1985.

*Tyrus R. Atkinson, Jr.*, for appellant.
*H. Parnell Odom, Solicitor, George C. Rosenzweig*, for appellee.