75583. BRITT v. THE STATE.

(367 SE2d 298)

Beasley, Judge.

The appeal is from a conviction of trafficking in cocaine, OCGA § 16-13-31 (a) (1).

1. John Norris Britt enumerates as error that the evidence was insufficient under *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). Viewed in a light favoring the verdict, the evidence showed that on September 29, 1985, a one-way airline ticket was ordered at approximately 1:00 p.m. by phone in Miami for the 4:30 p.m. flight to Atlanta. At 2:30, defendant, accompanied by an unidentified man, arrived at the airline counter and paid cash for the ticket issued in the name "J. Britt." Defendant declined to check any luggage but inquired how late he could check bags. He was asked again if he was checking luggage and became flustered, stating that he was just asking for future reference.

Shortly thereafter the agent, who was not waiting on any customers, saw defendant approach a busy agent and check a suitcase. Because of the cash purchase, the city of departure, and the method of checking the bag, the agent was concerned that defendant might be a hijacker. She called a security agent, who was also taking the Atlanta flight, and so advised him. He checked to make sure defendant boarded the plane and spoke to him concerning his bag. He looked at the claim check and memorized the number.

Upon arrival in Atlanta at 6:15, the security agent identified the bag by the claim check number. Because of his suspicions, Sgt. Selph was called. He was a Henry County Sheriff's deputy who was a member of the DEA Task Force assigned to Atlanta Airport. Selph arrived at 7:00. The bag, not having been claimed, was pulled and the name tag examined. It bore the name "Deborah Scott," a name not listed on that flight's passenger register. The airline agents opened the bag and found items of men's clothing, a shaving product, and a paper bag stuffed in a tennis shoe containing white powder, 50.8 grams of 89 percent pure cocaine hydrochloride.

James Way, indicted with defendant but not tried, was a friend and neighbor asked by defendant that night to go to the airport with him to pick up a bag. Defendant told him the bag had arrived late on

a different flight and could be identified by the tag in Ms. Scott's name. Ms. Scott was visiting defendant from New Jersey. Way went in with the claim check and defendant's ticket and was arrested. He tried on men's clothing and shoes from the suitcase but they did not fit. Defendant was arrested outside in a car rented in the name of Ms. Scott. The keys to the suitcase were on the car key chain. The clothes appeared to fit him.

Defendant argues that the evidence was insufficient to prove he was in "actual and knowing possession" of the cocaine as required by OCGA § 16-13-31 (a) (1), that the evidence was circumstantial and did not exclude the hypothesis that Ms. Scott alone was responsible. The indictment charged defendant in the conjunctive with bringing into this state over 28 grams of cocaine and with being in actual possession of over 28 grams.

The evidence is sufficient. *Jackson*, supra; *Wilson v. State*, 179 Ga. App. 780, 782 (2) (347 SE2d 709) (1986); *Evans v. State*, 167 Ga. App. 396 (1) (306 SE2d 691) (1983); *Flournoy v. State*, 106 Ga. App. 756, 757 (128 SE2d 528) (1962).

2. Defendant claims his motion for directed verdict should have been granted because of a fatal difference in the allegata and the probata, the indictment charging him with trafficking in cocaine, while the proof was that the powder was cocaine hydrochloride.

There was evidence that cocaine hydrochloride is a salt of cocaine. OCGA § 16-13-31 (a) (1) prohibits the delivery, bringing into the state, or possession of "cocaine, as described in Schedule II." OCGA § 16-13-26 provides "The controlled substances listed in this Code section are included in Schedule II: . . . (1) (D) Coca leaves, any salt, compound, derivative, stereoisomers of cocaine, or preparation of coca leaves, and any salt, compound, derivative, stereoisomers of cocaine, . . ."

Since the description of cocaine includes salt of cocaine, there was no variance.

3. Defendant's remaining two enumerations deal with the denial of his motion to suppress. First, he contends that his motion should have been granted on the ground that Officer Selph was not an authorized Clayton County officer or federal marshal at the time of the search and seizure. This issue has been decided adversely to defendant in *State v. Giangregorio*, 181 Ga. App. 324 (352 SE2d 193) (1986).

The motion filed below sought to suppress the contents of the suitcase on the grounds that there was no probable cause for the search and no consent of the owner. Defendant cited both the federal Fourth Amendment and the corresponding Georgia provision, Ga. Const., Art. I, Sec. I, Par. XIII, against unlawful search and seizure. Only the federal protection is pursued, so we will not address the state constitutional ground. *MacDonald v. MacDonald*, 156 Ga. App.

565, 566 (1) (a) (275 SE2d 142) (1980). The Fourth Amendment protection and that afforded by the exclusionary rule are against invasions of the protected expectations of privacy by state action, and, with regard to the exclusionary rule, state law enforcement action. *State v. Young*, 234 Ga. 488, 489 (1) (216 SE2d 586) (1975) cert. denied, 423 U. S. 1039.

The evidence presented at the hearing, in addition to that set out above, was that after Selph arrived at the airport and was shown the bag, he told the Air Atlanta agents to handle the suitcase as they normally would in that situation. The Air Atlanta agents opened the bag and found the cocaine in a sack stuck in a tennis shoe. They turned the cocaine and bag over to Selph.

Defendant argues that this was, in fact, a search instigated by the officer and therefore had to be supported by probable cause or consent. The trial court found that the search was conducted by private individuals, the Air Atlanta agents, without the encouragement of Selph. On appeal, the trial court's ruling on disputed facts and credibility must be accepted unless clearly erroneous. *Hill v. State*, 183 Ga. App. 654, 656 (2) (360 SE2d 4) (1987). These findings were not. Searches and seizures by private individuals, even if unreasonable, are not prohibited by the Fourth Amendment, absent a showing that the private individual acted as an instrument or agent of the government. *Coolidge v. New Hampshire*, 403 U. S. 443, 487-490 (91 SC 2022, 29 LE2d 564) (1971); *McSweeney v. State*, 183 Ga. App. 1, 2 (1) (358 SE2d 465) (1987); *Morton v. State*, 181 Ga. App. 781, 783 (2) (353 SE2d 852) (1987); *Marks v. State*, 174 Ga. App. 711, 714 (1) (330 SE2d 900) (1985).

There appears to be a further impediment to defendant's argument in that he has failed to show the requisite standing to invoke the federal constitutional protection. Defendant must show that the article or premises searched were his or that his own Fourth Amendment rights have been infringed in some manner. *Bloodworth v. State*, 233 Ga. 589, 590 (2) (212 SE2d 774) (1975); *Sanders v. State*, 181 Ga. App. 117, 118-119 (1) (351 SE2d 666) (1986). While in his motion defendant argued that the suitcase was his, the evidence was that it was not and that it appeared to have been abandoned. Either defeats defendant's motion. *Buttrum v. State*, 249 Ga. 652, 653 (2) (293 SE2d 334) (1982) cert. denied, 460 U. S. 1048; *Sanders*, supra.

Defendant further urges that the subsequent seizure by the agent after the search by the Air Atlanta agents was improper because he was not a Clayton County officer. This ground, however, was not presented to the trial court in the motion or the amendment to it and will not be considered for the first time on appeal. *Hill*, supra at 657 (4). The illegality as to Selph's authority argued in the motion went to defendant's arrest and is not presented here. It also assumed that

the bag was searched after defendant's arrest, which was not accurate.

*Judgment affirmed. McMurray, P. J., concurs. Sognier, J., concurs in the judgment only.*

DECIDED MARCH 17, 1988.

*Keith C. Martin*, for appellant.

*Robert E. Keller*, District Attorney, *Clifford A. Sticher*, Assistant District Attorney, for appellee.