A89A0147. HUNTER v. THE STATE.
(381 SE2d 525)

BEASLEY, Judge.

Defendant was convicted in Coweta County of theft by receiving stolen property and enumerates as error the lack of proof of venue.

Shortly following the occurrence of two burglaries in Coweta County, an investigator with that county's sheriff's department was informed that defendant had the property taken in the burglaries. The investigator went to defendant's home and, with the consent of defendant's wife, searched and found several of the stolen items.

Venue in criminal cases must be proved as a jurisdictional fact beyond a reasonable doubt; otherwise the judgment is void. *Trogdon v. State,* 176 Ga. App. 246, 247 (1) (335 SE2d 481) (1985). In a prosecution for theft by receiving stolen property, venue lies in any county in which the accused exercised control over the stolen property. *Barfield v. State,* 149 Ga. App. 166 (2) (253 SE2d 781) (1979).

"While it is true that where venue is not contested slight proof will suffice (*Loftin v. State,* 230 Ga. 92 (195 SE2d 402) (1974)), it must nevertheless be established beyond a reasonable doubt. *Parks v. State,* 212 Ga. 433, 435 (93 SE2d 663) (1956)." *Carter v. State,* 146 Ga. App. 681 (247 SE2d 191) (1978). What is the proof that defendant's home is located in Coweta County?

The investigator who followed up the lead that the stolen property was at defendant's residence, testified that he was employed as such by the Coweta County Sheriff's Department. He further testified that he "was in Palmetto when [he] received the information so [he] rode over to Mr. Hunter's residence. . . ." He had just testified that Hunter lived "right behind" the truck stop, the site of one burglary, and had earlier testified that the truck stop was "in Palmetto." There was also testimony to the effect that defendant's home was not far from Weldon Road, site of the other burglary.

The investigator searched the premises pursuant to consent given by Mrs. Hunter. The investigator would not have had jurisdiction to do so if the premises were in Fulton County. OCGA §§ 15-16-1 (a)

and (c) (1) (B); 15-16-23. This is not a situation where extraterritorial aid was invoked, as provided for in the Georgia Mutual Aid Act. OCGA § 36-69-1 et seq. There was and is no contention that the investigator acted outside his territorial jurisdiction. Compare *State v. Giangregorio*, 181 Ga. App. 324 (352 SE2d 193) (1986); *Britt v. State*, 186 Ga. App. 418, 419 (3) (367 SE2d 298) (1988). Thus the State is at least entitled to an inference that he acted with authority, which would be within Coweta County. It is a "well settled principle that public officials shall be presumed to have performed their duties . . . unless clearly proven otherwise." *Richmond County Hosp. Auth. v. Richmond County*, 255 Ga. 183, 192 (2) (c) (336 SE2d 562) (1985); OCGA § 24-1-1 (6).

This evidence, together with the "right behind" and "not far from" evidence pointed out by the separate dissent, is at least as strong if not stronger "slight evidence" than the two facts shown in *Melton v. State*, 252 Ga. 97 (311 SE2d 471) (1984). There the facts which were deemed sufficient were that the crimes occurred at the home of the victim and that she attended school in the Fulton County school system.

Like *Melton*, this is not a case where venue was contested. Defendant did not even challenge the proof of venue in his motion for new trial or in his motion for directed verdict. The latter was based on purported absences of evidence but these related to certain other elements and not venue.

Certainly the State should be careful to clearly prove venue, which generally is not a difficult burden. At the very least it will avoid the raising of a technical legal question which is unrelated to whether a crime was committed by defendant or not. But where the proof adduced meets the standard of "slight evidence" set by the Supreme Court, the judgment is to be affirmed.

*Judgment affirmed. Deen, P. J., Banke, P. J., Birdsong and Pope, JJ., concur. Carley, C. J., McMurray, P. J., Sognier and Benham, JJ., dissent.*

McMurray, Presiding Judge, dissenting.

"While it is true that where venue is not contested slight proof will suffice (*Loftin v. State*, 230 Ga. 92 (195 SE2d 402) (1974)), it must nevertheless be established beyond a reasonable doubt. *Parks v. State*, 212 Ga. 433, 435 (93 SE2d 663) (1956)." *Carter v. State*, 146 Ga. App. 681 (247 SE2d 191). See also *Trogdon v. State*, 176 Ga. App. 246, 247 (1) (335 SE2d 481). Under the facts and circumstances of the case sub judice, venue in Coweta County must have been established by some slight evidence that defendant's home, where the stolen property was found by the Sheriff's Department investigator, is located in Coweta County. *Barfield v. State*, 149 Ga. App. 166 (2) (253

SE2d 781). The record does not contain any evidence establishing this fact.

The State urges that "[t]he evidence at trial showed [defendant] to be in possession of items stolen in two separate burglaries, and it was specifically shown that: (1) the burglaries occurred in the City of Palmetto, Coweta County, Georgia . . . ; (2) [defendant] exercised control over the stolen items in his mobile home in Palmetto, Georgia . . . ; and that (3) [defendant's] mobile home was located directly behind the Collinsworth Road Truck Stop, the site of one burglary, and not far from Weldon Road, the site of the second burglary. . . . This Court is authorized to take judicial notice that [defendant's] mobile home is located within Coweta County, Georgia. The evidence established that the burglaries occurred in Palmetto in Coweta County . . . , that [defendant's] mobile home was located in Palmetto, right behind the burglarized truck stop and near the Weldon Road burglary site."

Of the three specific facts upon which the State's argument rests, the first, that the burglaries occurred in the City of Palmetto is irrelevant. There is no evidence that defendant's residence was located in Palmetto, therefore, the second fact asserted by the State is not supported by the record. The remaining factual predicate of the State's position, that defendant's residence is located "directly behind" one Coweta County burglary site and "not far" from the road on which the second Coweta County burglary site is located is not alone sufficient to establish venue in Coweta County since the terms used are too vague and indefinite to provide a meaningful indication of location. If judicial notice is taken of the location of the City of Palmetto as apparently urged by the State, this adds only that that city is located in both Fulton and Coweta Counties. Therefore, the State has failed to meet its burden of proof regarding venue.

The majority's reliance upon *Melton v. State*, 252 Ga. 97 (311 SE2d 471), is misplaced and that case should be distinguished. In *Melton* the offense of child molestation occurred at the victim's home in College Park, a city which is located partially in Fulton County and partially in Clayton County. The evidence that the victim attended the Fulton County school system authorized an inference that the victim's home was located in the Fulton County portion of College Park. Thus, the decision in *Melton* was predicated upon a logical inference arising from direct evidence.

In the case at bar, on the other hand, the majority rests its decision upon a presumption which absolves the State of its burden to prove venue. Using the majority's reasoning, venue will be proven sufficient by simply showing that the crime was investigated by an officer of the forum county.

I would hold that the State has failed to prove venue. Therefore,

I respectfully dissent.

I am authorized to state that Chief Judge Carley, Judge Sognier and Judge Benham join in this dissent.

DECIDED APRIL 3, 1989.

*Sanders, Mottola, Haugen & Mann, Walter S. Haugen,* for appellant.

*William G. Hamrick, Jr., District Attorney, Agnes T. McCabe, Assistant District Attorney,* for appellee.