## A95A1732. WRIGHT v. THE STATE.
(464 SE2d 216)

POPE, Presiding Judge.

Defendant was convicted in Warren County of armed robbery, aggravated battery, and possession of a firearm during the commission of a crime. On appeal, he argues that his trial counsel was ineffective and that venue for the armed robbery count was not proper in Warren County. Although we affirm the trial court's rejection of defendant's ineffective assistance claim, we agree with defendant that his armed robbery conviction must be reversed because the armed robbery occurred in McDuffie rather than Warren County.

The victim, an acquaintance of defendant, testified that at defendant's request, he (the victim) drove defendant to a house in McDuffie County to get some money. But when they reached the house and got out of the car, defendant pulled a gun, shot the victim, and took his cash — about $30 to $45. Defendant and the victim then got back in the car, and defendant drove to a wooded location in Warren County. There he shot the victim a second time and left him in the woods, covered with shrubs. After a while, the victim was able to

crawl toward a nearby road, where he was found. The victim survived but is paralyzed from the chest down.

1. Defendant asserts that trial counsel was ineffective because he failed to file pre-trial discovery motions, failed to demand a speedy trial, failed to attack the State's lack of medical evidence about the condition of the victim, and failed to interview and secure the presence of defense witnesses. But evidence at the hearing on the motion for new trial showed that one pre-trial discovery motion was made and satisfied, and that others were unnecessary due to the State's "open file" policy; that the failure to demand a speedy trial and the failure to attack the lack of medical evidence were strategic decisions based on reasonable grounds, and made by defendant and his counsel together; and that counsel did interview defendant's witnesses but did not subpoena them because they were not saying what defendant projected they would say. Accordingly, the trial court did not err in denying defendant's motion for new trial on ineffective assistance grounds. See, e.g., *Williams v. State*, 202 Ga. App. 494 (1) (414 SE2d 716) (1992) (trial court's finding that defendant has been afforded effective assistance will be upheld unless it is clearly erroneous).

2. Defendant also contends that Warren County was not the proper venue for trial of the armed robbery count. "[A]ll criminal cases shall be tried in the county where the crime was committed." Ga. Const. 1983, Art. VI, Sec. II, Par. VI. See also OCGA § 17-2-2 (a). When no challenge to venue is raised at trial (as in this case) and there is no evidence that venue is improper, slight evidence is sufficient to prove venue. See *Minter v. State*, 258 Ga. 629 (1) (373 SE2d 359) (1988). Nonetheless, venue in a criminal case is a jurisdictional fact which must be proved. *Newsom v. State*, 183 Ga. App. 339 (1) (359 SE2d 11) (1987); *Trogdon v. State*, 176 Ga. App. 246 (1) (335 SE2d 481) (1985). "Where venue is not established by the [S]tate, any ensuing judgment is void, although reversal of a conviction on this basis does not prevent retrial in a court where venue is proper and proven. [Cits.]" Id. at 247.

The victim in this case, who was also the only witness to the crime, testified that the armed robbery occurred in McDuffie County. The State argues (and the trial court held) that the victim was unfamiliar with the area and that a Georgia Bureau of Investigation agent testified that "this" took place in Warren County. The victim's testimony that the armed robbery occurred in McDuffie County was unequivocal, however, and the only evidence of the victim's supposed unfamiliarity with the area was his inability to identify a nearby building as a country club. Furthermore, a review of the GBI agent's testimony shows that he did not even mention the armed robbery, and that his statement that "this" happened in Warren County can make sense only if "this" refers to the second shooting. Indeed, it is

difficult to imagine how an investigator, who has no personal or independent knowledge of the crime, could conclude that the armed robbery occurred in one county when there is absolutely no physical evidence indicating where it occurred and the only witness to the crime states positively that it occurred in another county.

Thus, Warren County was not a proper venue for the armed robbery count, and defendant's conviction on that count is void. The State calls our attention to OCGA § 17-2-2 (e), which provides that if a crime is committed "upon any . . . vehicle . . . traveling within this state and it cannot readily be determined in which county the crime was committed, the crime shall be considered as having been committed in any county in which the crime could have been committed through which the . . . vehicle . . . has traveled." This section is inapplicable, however, since even if we assume, despite the victim's testimony, that "it cannot be readily determined" that the crime was committed in McDuffie County, the victim also testified that the armed robbery occurred after he and defendant emerged from the car.

*Judgment affirmed in part and reversed in part. Beasley, C. J., concurs. Ruffin, J., concurs in judgment only.*

DECIDED NOVEMBER 1, 1995 —
RECONSIDERATION DENIED NOVEMBER 20, 1995 —

*M. V. Booker*, for appellant.
*Dennis C. Sanders, District Attorney, M. Eric Eberhardt, Assistant District Attorney*, for appellee.