A99A0639. JONES v. THE STATE.
(519 SE2d 279)

SMITH, Judge.

Albert "Bones" Jones was indicted by a Thomas County grand jury for the offenses of burglary and possession of a firearm by a convicted felon. He was tried before a jury in a bifurcated trial to avoid prejudicing his trial on the burglary charge with the introduction of the evidence necessary to Count 2 showing that he was a convicted felon. The jury found him guilty of the lesser included offense of theft by receiving on Count 1 and acquitted him of the firearms charge. He appeals from the judgment of conviction and sentence entered on the jury's verdict.

In his sole enumeration of error, Jones contends the evidence presented at trial was insufficient to prove venue in Thomas County and his conviction is therefore void. Jones argues that although the State proved that a burglary took place in Thomas County, it did not prove that he committed that burglary, and although the State proved he sold stolen property, it did not prove he did so in Thomas County. We do not agree, and we affirm the judgment.

It is axiomatic that a crime must be prosecuted in the county in which it was committed, and in a criminal case, venue is a jurisdictional fact that must be proven as part of the general case. *McGee v. State,* 209 Ga. App. 261, 262 (2) (433 SE2d 374) (1993). If venue is not proved, the judgment is void. *Hunter v. State,* 191 Ga. App. 219 (381 SE2d 525) (1989). Although the State must prove venue beyond a reasonable doubt, if venue is uncontested at trial, slight proof will suffice. Id. The issue of venue is for the jury, and if any evidence supports the jury's decision, it may not be set aside. *McGee,* supra. Jones did not contest the issue of venue at trial. Slight evidence of venue

was therefore sufficient to satisfy the State's burden.

That burden was met. Construed to support the jury's verdict, the evidence presented at trial showed that a home in Thomas County was burglarized on January 12, 1997. Among the items taken in the burglary were a rifle and a shotgun. In April 1997, Jones's brother-in-law, Terry Johnson, was arrested on unrelated theft charges and was interviewed by Sergeant Joey Blackburn of the Thomas County Sheriff's Department, who was investigating the January 12 burglary. Blackburn testified that he inquired if Johnson had any knowledge of the January 12 burglary, and Johnson responded affirmatively. According to Blackburn, Johnson told him that "Bones had told him, Albert Jones had told him that he did do the burglary," and that Johnson and Jones went together to a home in Grady County, where they sold the deer rifle and the shotgun. The purchaser was located, and Investigator Melvin Febres of the Thomas County Sheriff's Department testified that he took possession of the weapons, which were identified as the weapons stolen in the January 12 burglary. The purchaser, who denied knowledge that the weapons were stolen, was acquainted with Jones, whom he knew only as "Bones," because Jones had visited his home from time to time to look at and talk about the purchaser's bulldogs. He identified Jones and Johnson as the two men who came to his home and sold him the guns.

Johnson testified at trial that he did not remember making a statement implicating Jones because he was under the influence of cocaine and alcohol when he was interviewed by Blackburn. Blackburn testified, however, that Johnson did not appear to be under the influence of alcohol or drugs when he made the statement and appeared to have all his mental faculties.

The State introduced Johnson's statement not merely for purposes of impeachment but as substantive evidence under *Gibbons v. State*, 248 Ga. 858, 862 (286 SE2d 717) (1982). Johnson's statement therefore served as some evidence that Jones committed the burglary of the home in Thomas County. Although the jury apparently did not find Jones's statement sufficient to authorize his conviction on that charge, it cannot be disputed that the statement nevertheless constituted some evidence that Jones possessed stolen property in Thomas County. This was sufficient to satisfy the evidentiary requirement for venue. "Venue for certain theft offenses, including this offense, is appropriate 'in any county in which the accused exercised control over the property which was the subject of the theft.' OCGA § 16-8-11." *Kennon v. State*, 232 Ga. App. 494, 496 (2) (502 SE2d 330) (1998).

Jones's argument that the jury's acquittal of him on the firearms charge renders his conviction void is without merit. He maintains that because he conceded he was a convicted felon during the second

phase of the trial, and no further evidence was presented after the jury found him guilty of theft by receiving stolen property, the only issue remaining for the jury was venue. He argues that the verdict of acquittal on the firearms charge therefore must have resulted from a jury finding that venue was improper in Thomas County.

Even if the two verdicts are inconsistent, the inconsistent verdict rule has been abolished in this state as to criminal trials. *Milam v. State*, 255 Ga. 560, 562 (2) (341 SE2d 216) (1986). Moreover, Jones's argument is based upon mere speculation regarding the jury's deliberations and is unsupported by any evidence in the record. We will not undertake to guess at the reasons for jury verdicts. *Smashum v. State*, 261 Ga. 248, 249 (2) (403 SE2d 797) (1991). The jury's finding of guilt is supported by sufficient evidence, and we affirm it.

*Judgment affirmed. Pope, P. J., and Eldridge, J., concur.*

DECIDED JUNE 10, 1999.

*Ronald L. Beckstrom, Terry L. Schwock*, for appellant.
*J. David Miller, District Attorney, Mark E. Mitchell, Assistant District Attorney*, for appellee.