## A00A1876. JOHNSON v. THE STATE.
### (539 SE2d 914)

MIKELL, Judge.

Elsie Johnson was charged with two counts of financial transaction card theft and one count of financial transaction card fraud. The jury returned a guilty verdict on one count of financial transaction card theft, and the court directed a verdict of not guilty on the remaining counts. The trial court dismissed the defendant's notice of appeal, and the defendant appeals the dismissal and her conviction. Because the trial court erred in excluding photographic evidence, we reverse.

Viewed in the light most favorable to support the verdict, the evidence shows that on November 12, 1997, Juanita Smith Lindsey reported the theft of her credit cards to the City of Forest Park Police Department. Lindsey was the manager of a local Burger King, and the defendant, Johnson, was an assistant manager at the same location. On the date in question, Lindsey reported to work at 5:30 a.m. and hung her purse, containing the credit cards, on the back of her office door, which was her normal practice. The manager's office is located behind the counter, where only Burger King employees have access to it. Lindsey testified that approximately ten employees had access to her office on the day her cards were discovered missing.

Johnson was not scheduled to work on November 12, 1997; however, she arrived at the restaurant at approximately 8:00 a.m. to retrieve some home decorating merchandise she had ordered from a fellow employee. Lindsey testified that Johnson came behind the counter to assist the cashier and then entered the manager's office where the purse was located. However, Lindsey could not see Johnson once she was in the office, because the windows were covered with posters.

Lindsey further testified that on the afternoon of November 12, she received a message notifying her that two women had attempted

to make a purchase at a sporting goods store in Southlake Mall using her MasterCard. Lindsey went to the store, Foot Action USA, where she spoke with Andrew Carruth, the manager, who described the individuals attempting to use the card as "two heavy set black females." Lindsey showed Carruth a single photograph of Johnson, and he identified her as one of the women in possession of the MasterCard.

During the trial, Carruth again identified the defendant as one of the individuals who attempted to make a purchase with Lindsey's credit card. Carruth testified that he requested identification from the women, and one produced a driver's license that did not match the name on the credit card. He was unable to recall the name on the driver's license. The women left the store without purchasing any merchandise, and Carruth retained the card.

Lindsey testified that the last time she recalled using her credit cards was on November 8, 1997, four days before she realized that they were missing.

1. Johnson enumerates as error the trial court's dismissal of her notice of appeal. The defendant was convicted on March 11, 1999, and she filed a motion for new trial on March 16. The court dismissed the motion for new trial by order entered on September 28, 1999, after Johnson failed to appear for a hearing on the motion. Johnson filed a notice of appeal on October 20, 1999. The trial court dismissed the notice of appeal because it was filed more than 30 days after the sentence was entered.

We conclude that the trial court erred in dismissing the notice of appeal. A timely motion for new trial extends the time for filing a notice of appeal.[1] "[T]he . . . dismissal of the motion for new trial . . . is considered a disposition of the motion pursuant to OCGA § 5-6-38 (a), so as to commence the running of the 30-day period for filing an appeal."[2] Johnson filed a notice of appeal within 30 days after the dismissal of the motion for new trial; therefore, the appeal is properly before us and will be considered on its merits.[3]

2. Johnson argues that the evidence was insufficient to authorize her conviction for financial transaction card theft. On appeal, the defendant no longer enjoys the presumption of innocence, and we view the evidence in the light most favorable to support the verdict.[4] Our review is limited to determining whether any rational trier of fact could have found the essential elements of the crime beyond a

---

[1] *Wright v. Rhodes*, 198 Ga. App. 269 (401 SE2d 35) (1990).

[2] (Citation and punctuation omitted.) *Heard v. State*, 210 Ga. App. 805-806 (1) (437 SE2d 496) (1993).

[3] OCGA § 5-6-38 (a); see also *Booker v. Amdur*, 186 Ga. App. 276 (367 SE2d 94) (1988).

[4] *Paul v. State*, 231 Ga. App. 528 (499 SE2d 914) (1998).

reasonable doubt.[5]

Under OCGA § 16-9-31 (a) (1), a person is guilty of financial transaction card theft when she "takes, obtains, or withholds a financial transaction card from the person, possession, custody, or control of another without the cardholder's consent."

The evidence adduced at trial demonstrated that Johnson had access to Lindsey's purse on November 12, 1997, the date the Master-Card was discovered missing. The prosecution's case relied heavily on the in-court identification of the defendant by Carruth, the manager of the sporting goods store, and on evidence of his out-of-court identification of Johnson when he was shown a single photograph by Lindsey.

We are constrained to find sufficient evidence supporting the jury's verdict because the defense raised no objection to the impermissibly suggestive photographic array on which Carruth's identification of the defendant was based.[6]

3. Johnson also argues that the state failed to prove venue in Clayton County. We disagree.

Generally, criminal actions must be tried in the county in which they were committed, and venue must be proved beyond a reasonable doubt.[7] "When no challenge to venue is raised at trial . . . and there is no evidence that venue is improper, slight evidence is sufficient to prove venue."[8] The defendant did not challenge venue during the trial. Therefore, only slight evidence that the crime was committed in Clayton County was necessary.[9] Because both the restaurant where Johnson had access to the card and the store where the card was used are located in Clayton County, we conclude that there was sufficient evidence to establish venue.

4. Next, Johnson argues that the court erred in not allowing the defense to present evidence implicating two other women as the perpetrators of the crimes for which she was tried.

Johnson's daughter, Shawanna Bunn, testified that two of her cousins actually stole Lindsey's credit cards. The court did not allow the defense to pursue an explanation of how Bunn knew that her cousins were responsible for the alleged crimes. According to Johnson, Bunn's testimony would have included out-of-court statements by her cousins admitting responsibility for the crimes.

The Supreme Court has recognized that trial courts are often

[5] *Williams v. State*, 233 Ga. App. 217 (1) (504 SE2d 53) (1998).

[6] See *Perkins v. State*, 216 Ga. App. 118 (1) (453 SE2d 135) (1995); *State v. Frye*, 205 Ga. App. 508, 509 (2) (422 SE2d 915) (1992); *Bradley v. State*, 152 Ga. App. 902, 903 (264 SE2d 332) (1980).

[7] OCGA § 17-2-2 (a); *Minter v. State*, 258 Ga. 629 (1) (373 SE2d 359) (1988).

[8] *Wright v. State*, 219 Ga. App. 119, 120 (2) (464 SE2d 216) (1995).

[9] *Jones v. State*, 238 Ga. App. 523 (519 SE2d 279) (1999).

faced with hearsay evidence proffered in an effort to demonstrate the guilt of someone other than the defendant.[10] The Court has held that such evidence may be admissible under circumstances similar to those arising under the necessity exception to the rule against hearsay.[11] If such evidence is critical to the defense, a trial court must determine the reliability and necessity of the proffered hearsay evidence before ruling on its admissibility.[12]

> [A] trial court faced with such an evidentiary question should analyze the question in the manner customarily employed when any hearsay evidence is proffered under the "necessity" exception codified in OCGA § 24-3-1 (b). Hearsay . . . must have "particularized guarantees of trustworthiness," that is, it must be "coupled with circumstances which attribute verity to it" . . . thereby making its admission necessary under the Due Process Clause should it be critical to the defendant's defense.[13]

However, to invoke an inquiry by the trial court, hearsay proponents must first make a proffer "in which the reliability and necessity of the hearsay evidence are thoroughly set out. . . ."[14] The necessity of the evidence is obvious in the case at bar, but trial counsel made no proffer whatsoever. An affidavit from trial counsel in support of a motion for new trial offers some circumstances surrounding the alleged confessions by the defendant's nieces. However, trial counsel should have offered that evidence at trial, outside the hearing of the jury, so that the trial judge could have conducted the analysis required by *Drane v. State*[15] and by *Chambers v. Mississippi*.[16] Because no proffer was made at trial, we cannot say that the trial court committed error by refusing to admit hearsay responses from the witness Bunn.

5. Additionally, Johnson contends that the court erred in refusing to admit photographs of her nieces to show their resemblance to her. We conclude that the photographic evidence offered was relevant, and its exclusion was harmful error. "Generally, evidence implicating another named individual as the actual perpetrator of the crime is relevant and admissible as tending to exonerate the defend-

---

[10] *Turner v. State*, 267 Ga. 149, 154 (476 SE2d 252) (1996); *Drane v. State*, 265 Ga. 255, 257 (3) (455 SE2d 27) (1995).

[11] Id.

[12] *Turner*, supra.

[13] (Citations omitted.) Id. at 154-155.

[14] Id. at 155.

[15] Supra, 265 Ga. 255.

[16] 410 U. S. 284 (93 SC 1038, 35 LE2d 297) (1973).

ant."[17]

Johnson's sole defense at trial was that another person committed the crimes, and Carruth's identification of the defendant might have been challenged had the jury been shown photographs of the other women. Carruth gave a very general description of the women in possession of the stolen MasterCard as "two black females" who were "more or less heavy set, weighing between one forty and one eighty, something like that." Carruth's description would fit any number of women, and the fact that he was shown a single photograph of the defendant renders his identification all the more unreliable.

"Evidence enough to raise a reasonable doubt of defendant's guilt in the mind of a juror, not evidence sufficient to convict [the defendant's nieces,] would be adequate to change the outcome of this case."[18] The defendant should have been allowed to present evidence of the similarity of the appearance of the other women. Therefore, we reverse the conviction and remand this case for a new trial.

6. The defendant contends that the trial court erred in admitting evidence of the out-of-court identification of Johnson by a salesperson at a furniture store in DeKalb County.

According to the testimony of Lindsey, she learned that someone had used her Discover card to make a purchase at a furniture store in DeKalb County. The salesperson from the furniture store, James Thomas, did not testify at the trial; however, Lindsey testified, without objection from the defense, that he identified Johnson as the purchaser from the single photograph Lindsey showed him. Over objection, Detective Charles Crutchfield testified that he also showed Thomas a single photograph of Johnson, and that Thomas identified the defendant.

The court directed a verdict on Count 2 of the indictment, which alleged theft of the Discover card. Therefore, even if the court erred in allowing evidence of the impermissibly suggestive identification procedure, it was harmless error.

7. Finally, Johnson contends that her trial counsel was ineffective. Because we have reversed her conviction and remanded this case for a new trial, this enumeration is moot.

*Judgment reversed. Pope, P. J., and Miller, J., concur.*

DECIDED OCTOBER 3, 2000.

*Tony L. Axam*, for appellant.

---

[17] *Azizi v. State*, 270 Ga. 709, 714 (6) (512 SE2d 622) (1999).
[18] *Henderson v. State*, 255 Ga. 687, 689 (1) (341 SE2d 439) (1986).

*Robert E. Keller, District Attorney, Erman J. Tanjuatco, Assistant District Attorney*, for appellee.