S97A1962. SHIELDS v. THE STATE.
(496 SE2d 719)

FLETCHER, Presiding Justice.

A jury convicted William Webster Shields of murder and arson in the death of Thomas Kidwell.[1] He appeals and contends that the trial

---

[1] The crimes occurred on May 7 or 8, 1990. A Fulton County grand jury indicted Shields on November 2, 1990. In July 1993, the case was transferred to DeKalb County and Shields

court improperly admitted a statement made after he invoked his right to counsel. Because the statement was not the product of police interrogation and was freely and voluntarily made, we affirm.

The evidence at trial showed that Shields was formerly married to Kidwell's wife, Joyce Kidwell. Mr. and Mrs. Kidwell had separated several months prior to the murder and Mrs. Kidwell believed her husband was having an affair and had excluded her from his will. Mrs. Kidwell was the beneficiary of five insurance policies on her husband's life and urged Shields to kill her husband.[2] Shields and an accomplice, Robert Daughenbaugh,[3] went to Kidwell's home in DeKalb County and waited for him. When Kidwell entered the house, Shields and Daughenbaugh beat him in the head with a metal object, wrapped his body in blankets, and then shot him in the head. Later, they, along with other accomplices, placed Kidwell's body in the trunk of his car and left it parked in Techwood Homes. After deciding the murder scene was too messy to clean, and after Mrs. Kidwell gave her permission, Shields and Daughenbaugh set fire to the house.

1. After reviewing the evidence in the light most favorable to the jury's determination of guilt, we conclude that a rational trier of fact could have found Shields guilty of the crimes charged beyond a reasonable doubt.[4]

2. After Shields was arrested in Florida, an investigator from the Fulton County district attorney's office spoke with him. According to the investigator's testimony, when he finished explaining the *Miranda*[5] rights, including the admonition that anything Shields said could and would be used against him, he asked whether Shields understood his *Miranda* rights. Shields responded that he would not sign the waiver form and that "when he got back to Atlanta and talked with his attorney, he would tell me what I wanted to know about the murder case." The trial court allowed the admission of this statement after finding that the statement was freely and voluntarily given. Shields contends that the admission of this single state-

---

was reindicted. In a bifurcated trial beginning on June 7, 1994, Shields was found guilty of malice murder, arson, and possession of a firearm by a convicted felon. On June 10, 1994, the trial court sentenced Shields to life imprisonment for murder, a 20-year consecutive term for arson, and a 5-year concurrent term for the possession charge. Shields filed a motion for new trial on July 11, 1994, which he amended on June 17, 1994. The trial court denied the motion on June 30, 1997 and Shields filed his notice of appeal on July 30, 1997. The case was docketed in this court on August 19, 1997 and submitted for decision without oral argument on October 14, 1997.

[2] Mrs. Kidwell's and her son's convictions for murder were previously affirmed by this court. *Kidwell v. State*, 264 Ga. 427 (444 SE2d 789) (1994).

[3] Daughenbaugh's conviction for conspiracy to commit murder was affirmed by the court of appeals. *Daughenbaugh v. State*, 225 Ga. App. 7 (482 SE2d 517) (1997).

[4] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

[5] *Miranda v. Arizona*, 384 U. S. 436 (86 SC 1602, 16 LE2d 694) (1966).

ment was error under *Edwards v. Arizona*[6] and *Allen v. State*.[7]

We note initially that the issue is not whether this statement was a clear invocation of counsel. The investigator admitted that he understood the statement as an invocation of counsel. Additionally, the state conceded at trial that Shields' responses to the investigator's questions following this statement would not be admissible.[8]

Rather, the issue is whether Shields' statement, made as he invoked his right to counsel, is admissible. In *Walton v. State*,[9] this Court held that any police actions or words that the police should have known were likely to elicit an incriminating response may constitute "interrogation." Here the evidence was clear that the only police question that elicited Shields' response concerned his understanding of his rights. This was a routine and appropriate inquiry and we cannot conclude that it constituted "interrogation." Furthermore, unlike *Allen*, there was no earlier invocation of the right to counsel. Because the statement was made after an explanation of his rights and was not the product of police interrogation, we hold that the trial court did not err in admitting the single comment made as he invoked his right to counsel.

3. Shields argues that because of prejudicial pretrial delay, the trial court should have granted his motion to dismiss the indictment. At the motions hearing a month before trial, the state argued that Shields had not made a sufficient showing of prejudice, Shields asked the trial court to hold the record open for two weeks to submit additional proof, and the trial court agreed. The record does not contain any additional evidence or argument on the issue. On the scheduled trial date, Shields did not seek a ruling from the trial court, but instead announced ready. Because Shields failed to secure a ruling on his motion before announcing ready for trial, the issue is not preserved for review.[10]

4. We have reviewed Shields' remaining enumerations of error and find that they contain no error requiring reversal.[11]

*Judgment affirmed. All the Justices concur.*

---

[6] 451 U. S. 477 (101 SC 1880, 68 LE2d 378) (1981).

[7] 259 Ga. 63 (377 SE2d 150) (1989).

[8] See *Edwards*, 451 U. S. at 486-487 (statements made in response to police-initiated interrogation following invocation of counsel are inadmissible).

[9] 267 Ga. 713, 717-718 (482 SE2d 330) (1997).

[10] *Dennard v. State*, 263 Ga. 453 (435 SE2d 26) (1993) (defendant cannot ignore potential error at trial and complain on appeal).

[11] Shields contends that the trial court erred in denying his motion for mistrial when a witness's testimony placed Shields' character into evidence and in allowing a witness to testify regarding Daughenbaugh's criminal history and Daughenbaugh's status as an escaped prisoner at the time of the murder.

DECIDED MARCH 9, 1998.

*William E. Nethery,* for appellant.

*J. Tom Morgan, District Attorney, Priscilla N. Carroll, Barbara B. Conroy, Thomas S. Clegg, Assistant District Attorneys, Thurbert E. Baker, Attorney General, Paula K. Smith, Senior Assistant Attorney General, Jayson Phillips, Assistant Attorney General,* for appellee.