## A01A1070. DAVIS v. THE STATE.
### (554 SE2d 583)

BARNES, Judge.

After a negotiated guilty plea, Damon C. Davis appeals his conviction for armed robbery. He contends the trial court erred by denying his motion to dismiss the charge against him because the State violated his right to a speedy trial under the Interstate Agreement on Detainers (see OCGA § 42-6-20 et seq.) and also violated his constitutional right to a speedy trial. Because Davis' guilty plea waived his right to appeal these issues, we affirm the judgment of the trial court.

Before trial, Davis moved to dismiss the indictments against him, asserting that he was not tried within 180 days after his request for final dispositions of all untried indictments, and the trial court denied the motion. Later, Davis filed a second motion to dismiss the indictment based on the State's alleged violation of the Interstate Agreement on Detainers, but also adding the alleged violation of his constitutional right to a speedy trial.

When the case was called for trial, and while the trial court considered these motions, Davis announced that he would make a non-negotiated *Alford* plea. Later, however, he decided not to plead guilty.

Finally, after court reconvened to select a jury, the trial court gave Davis another opportunity to enter a plea, and Davis did so. In the course of the discussions, the prosecutor and the trial court both stated that, if Davis pled guilty, he would still be able to appeal his motions on the denial of his rights to a speedy trial. Davis then pled guilty. The trial court accepted the plea and sentenced him to eight years confinement to run concurrently with a sentence Davis was serving in Florida.

Subsequently, however, the trial court signed a certificate of immediate review as if Davis were to pursue an interlocutory appeal. Pretermitting whether Davis would have been authorized to file an interlocutory appeal at this point in the proceedings, he did not do so.

Instead, Davis filed a notice of appeal, as amended, directed to the Supreme Court, appealing the denial of his motions to dismiss the indictments based on the denial of his constitutional right to a speedy trial under the Interstate Agreement on Detainers. After determining that the issues raised were not within its appellate jurisdiction, the Supreme Court transferred the appeal to this court.

This court does not recognize conditional guilty pleas.[1] In March 1994, we ended our experiment with those pleas and held that "[after July 9, 1994,] pleas in which the accused attempts to condition upon

---

[1] If trial courts wish to permit defendants to appeal pre-trial rulings, the procedures in OCGA § 5-6-34 (b) are available.

the preservation of the rights to raise non-jurisdictional errors by the trial court will not be considered by this court, and all the usual rules of appellate practice, including the waiver of errors by guilty pleas, will be applied." *Hooten v. State*, 212 Ga. App. 770, 775 (1) (442 SE2d 836) (1994). This rule has been consistently applied since that time.

Accordingly,

> having voluntarily entered a plea of guilty, [Davis] cannot raise as a defense his right to a speedy trial. *Mason v. Banks*, 242 Ga. 292 (2) (248 SE2d 664) (1978). Once a defendant solemnly admits in open court that he is in fact guilty of the offense charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. *Addison v. State*, 239 Ga. 622 (238 SE2d 411) (1977). An exception will only be made if the error goes to the very power of the State to bring the defendant into court. Id. at 624. See also *Blackledge v. Perry*, 417 U. S. 21 (94 SC 2098, 40 LE2d 628) (1974). No such situation is presented here.

*Tutt v. State*, 267 Ga. 49, 50 (472 SE2d 306) (1996). Therefore, Davis has waived these issues notwithstanding his conditional plea (*Pirkle v. State*, 240 Ga. App. 24, 26 (2) (522 SE2d 526) (1999); *Barber v. State*, 231 Ga. App. 176, 177 (2) (498 SE2d 758) (1998)), and the judgment of the trial court is affirmed.[2]

*Judgment affirmed. Smith, P. J., and Phipps, J., concur.*

DECIDED AUGUST 31, 2001.

*Linda W. Lyons*, for appellant.
*Paul L. Howard, Jr., District Attorney, Manubir S. Arora, Bettie-anne C. Hart, Assistant District Attorneys*, for appellee.

---

[2] No issue concerning the voluntariness of Davis' guilty plea is before us, and we express no opinion on whether Davis would be authorized to challenge the voluntariness of his plea because we have rejected his conditional plea. See *Wilson v. State*, 246 Ga. App. 30 (539 SE2d 539) (2000).