## A02A2257. GREEN v. THE STATE.

(576 SE2d 554)

PHIPPS, Judge.

Derrick Leroy Green, pro se, appeals the trial court's dismissal of his motion to vacate void sentences. Because Green has not shown that the trial court had jurisdiction to consider his motion, we affirm.

In 1993, Green was convicted and sentenced in the Superior Court of Chatham County for armed robbery and possession of a firearm during the commission of a felony. In *Green v. State*,[1] this court affirmed Green's direct appeal from his convictions.

In 2001, Green filed a pro se "motion to vacate null and void convictions and sentences," arguing that the Superior Court of Chatham County had not had jurisdiction of his criminal case because venue had not been established in Chatham County.

> [F]or a trial court to have the power to exercise the subject matter jurisdiction to correct a judgment outside a term of court, the judgment must be, in fact, void. If the judgment is not void, a trial court has no further subject matter jurisdiction outside the term of court and the petition must be dismissed.[2]

The trial court determined that Green had failed to show that the criminal judgment was void and thus dismissed his motion to vacate void sentences.

1. Green argues that the dismissal was error. Generally, venue in a criminal case is in the county where the crime was committed.[3] Venue is a jurisdictional fact and must be proven beyond a reasonable doubt.[4] Where venue is not established, any ensuing judgment is void.[5]

The transcript of Green's trial reveals that the victim testified that Green took a car from him at gunpoint in Chatham County. A reasonable trier of fact was authorized to find beyond a reasonable doubt that Green committed the crimes in Chatham County,[6] making that county the appropriate venue for Green's trial. Green's argument that the Superior Court of Chatham County did not have jurisdiction because venue was not established is without merit. Green

---

[1] 219 Ga. App. 878 (467 SE2d 203) (1996).

[2] (Citations, punctuation and emphasis omitted.) *Syms v. State*, 244 Ga. App. 21 (534 SE2d 502) (2000).

[3] Ga. Const. 1983, Art. VI, Sec. II, Par. VI; OCGA § 17-2-2 (a); *Newsom v. State*, 183 Ga. App. 339 (1) (359 SE2d 11) (1987).

[4] *Turner v. State*, 273 Ga. 340, 343 (3) (541 SE2d 641) (2001); *Trogdon v. State*, 176 Ga. App. 246, 247 (1) (335 SE2d 481) (1985).

[5] *Trogdon*, supra.

[6] See *Jones v. State*, 246 Ga. App. 596, 597-598 (2) (539 SE2d 602) (2000).

has not shown that his judgment is void. The trial court correctly dismissed his motion for lack of subject matter jurisdiction.

2. Green's motion to sanction the State is denied.

*Judgment affirmed. Andrews, P. J., and Mikell, J., concur.*

DECIDED DECEMBER 13, 2002 —
RECONSIDERATION DISMISSED JANUARY 14, 2003 —

Derrick L. Green, *pro se.*

*Spencer Lawton, Jr., District Attorney, Ann M. Elmore, Assistant District Attorney,* for appellee.