S03A0243. SHIELDS v. THE STATE.
(581 SE2d 536)

FLETCHER, Chief Justice.

William Webster Shields appeals the trial court's denial of his motion to vacate his convictions and sentences based on allegedly improper venue. Because Shields failed to raise this issue in his direct appeal, he is not entitled to a second appeal, and we affirm.

1. Shields, along with several others, was indicted in Fulton

County for the 1990 murder of Thomas Kidwell. Prior to Shields's capture in 1994, some of his co-defendants were convicted under the Fulton County indictment.[1] After his capture, the State became aware of new information that placed venue in DeKalb County, and accordingly, Shields was prosecuted and convicted in DeKalb County. Shields did not raise the alleged lack of venue in his direct appeal.[2]

Now for the first time, Shields claims that his convictions in DeKalb County were void because of a lack of proper venue. Shields asserts that the State had already proven venue for the crime in Fulton County in the trial of his co-defendants and, therefore, was prohibited from proving venue for the same murder in DeKalb County. However, the only issue with respect to the validity of Shields's convictions is whether the State proved venue beyond a reasonable doubt in its prosecution of him.[3] Here, the evidence shows that the State proved beyond a reasonable doubt that the crimes were committed in DeKalb County.

2. This Court has previously held that the remedy for a defendant who contends that venue was not properly established is to assert the error in a direct appeal from the criminal conviction.[4] This rule is consistent with the general rule that a defendant is entitled to only one direct appeal from a judgment of conviction.[5] The exceptions to this rule are reserved for the "extraordinary motion or case."[6] The failure to prove venue does not meet this standard. Although our constitution sets forth venue requirements,[7] a challenge to the sufficiency of the evidence of venue is a "procedural matter"[8] and may be waived in certain situations.[9] Since Shields failed to raise the issue in his direct appeal of his conviction, he is not entitled to raise it in a second direct appeal.

3. Finally, Shields's motion is not authorized by OCGA § 17-9-4, which provides that "[t]he judgment of a court having no jurisdiction of the person or subject matter, or void for any other cause, is a mere

---

[1] *Kidwell v. State*, 264 Ga. 427 (444 SE2d 789) (1994).

[2] *Shields v. State*, 269 Ga. 177 (496 SE2d 719) (1998) (affirming convictions).

[3] See *Jones v. State*, 272 Ga. 900, 901-902 (537 SE2d 80) (2000).

[4] *Bush v. Chappell*, 225 Ga. 659, 660 (171 SE2d 128) (1969). See also *Valenzuela v. Newsome*, 253 Ga. 793, 795 (325 SE2d 370) (1985) (failure to follow procedural rule requiring insufficiency of evidence to be raised on direct appeal precludes raising issue on habeas unless cause and prejudice test met); *Carter v. State*, 48 Ga. 43 (1873) (if evidence does not establish venue *and* assignment of error raised, new trial will be granted).

[5] *Jackson v. State*, 273 Ga. 320 (540 SE2d 612) (2001); *Cox v. Hillyer*, 65 Ga. 57 (1880).

[6] *Cox*, 65 Ga. 57. Compare *Williams v. State*, 271 Ga. 686, 688-689 (523 SE2d 857) (1999) (because trial court retains jurisdiction to correct illegal sentence and impose legal sentence outside the term of court, a convicted defendant may challenge a void *sentence* by motion in the trial court and direct appeal will lie).

[7] Ga. Const. (1983) Art. VI, Sec. II, Par. VI.

[8] *Jones*, 272 Ga. at 905.

[9] OCGA § 17-2-4 (defendant wishing to plead guilty may waive venue).

nullity and may be so held in any court when it becomes material to the interest of the parties to consider it." In Shields's case, the trial court clearly had jurisdiction of the person and subject matter.[10] While a conviction obtained without proof of venue may be "void,"[11] and will warrant reversal and a new trial,[12] it does not justify the departure from the settled procedures for challenging the sufficiency of evidence used to obtain a conviction. Language to the contrary in cases in the Court of Appeals of Georgia is disapproved.[13]

Because Shields is not entitled to a second appeal challenging venue, this appeal is subject to dismissal; however, we have retained the case to clarify the jurisdictional issue.

*Judgment affirmed. All the Justices concur.*

DECIDED JUNE 2, 2003.

William W. Shields, *pro se.*
*J. Tom Morgan, District Attorney, Barbara B. Conroy, Rosemary Brewer, Assistant District Attorneys*, for appellee.

---

[10] OCGA § 17-2-1 (policy of state to exercise jurisdiction over persons charged with crimes to the fullest extent allowed under State and federal constitutions); Ga. Const. (1983) Art. VI, Sec. IV, Par. I (superior courts have jurisdiction over felony cases). See also *Schiefelbein v. State*, 258 Ga. 623, 624 (373 SE2d 354) (1988) (Gregory, J., concurring) (superior court had jurisdiction of the defendant who was present and of the subject matter (murder) of the trial).

[11] *Grier v. State*, 275 Ga. 430, 432 (569 SE2d 837) (2002); *Bradley v. State*, 272 Ga. 740, 744 (533 SE2d 727) (2000).

[12] See, e.g., *Parks v. State*, 212 Ga. 433, 434 (93 SE2d 663) (1956); *Futch v. State*, 90 Ga. 472 (16 SE 102) (1892); *Smith v. State*, 118 Ga. 83 (44 SE 827) (1903).

[13] See, e.g., *Jordan v. State*, 242 Ga. App. 408 (530 SE2d 42) (2000) (reversing conviction for lack of venue on second appeal 14 years after direct appeal); *Green v. State*, 259 Ga. App. 195 (576 SE2d 554) (2002).