A07A0732. LaFETTE v. THE STATE.
(646 SE2d 725)

RUFFIN, Judge.

On August 24, 2006, Jovan D. LaFette entered a negotiated guilty plea to voluntary manslaughter and possession of a firearm by a convicted felon. He was sentenced by the trial court to serve a total of fifteen years in prison. On September 8, 2006, LaFette moved to withdraw his guilty plea, but the trial court dismissed the motion, concluding that it was not timely filed. Thereafter, LaFette filed a "Motion for Direct Appeal of Verdict by Guilty Plea" on September 13, 2006. On September 23, 2006, the trial court entered an order directing the clerk of court to treat the motion as a timely notice of appeal. LaFette appeals, alleging 21 enumerations of error. For reasons that follow, we affirm portions of LaFette's appeal and dismiss the remainder.

1. To the extent LaFette's appeal can be construed as a challenge to the trial court's dismissal of his motion to withdraw his plea, we find no error. LaFette's motion to withdraw his guilty plea was filed after the term of court in which sentence was imposed.[1] "The superior court's jurisdiction to entertain a motion to withdraw a guilty plea ends after the term of court in which the judgment of conviction was rendered."[2] And "it is well established that after the expiration of the term and of the time for filing an appeal from the conviction, the *only* remedy available to the defendant for withdrawing a plea is through habeas corpus proceedings."[3] Accordingly, the trial court properly dismissed LaFette's motion to withdraw his plea.[4]

2. We must also address the issues raised in LaFette's direct appeal. Specifically, he argues that he was denied effective assistance of counsel and that his plea was not voluntary or proper. A defendant may challenge a judgment entered on a guilty plea in a timely filed

---

[1] See OCGA § 15-6-3 (37).

[2] (Punctuation omitted.) *Harris v. State*, 269 Ga. App. 92, 93 (2) (603 SE2d 490) (2004).

[3] (Punctuation omitted; emphasis in original.) *Foskey v. State*, 232 Ga. App. 303 (501 SE2d 856) (1998).

[4] See *Fox v. State*, 241 Ga. App. 399 (527 SE2d 216) (1999).

direct appeal "where the question on appeal is one which may be resolved by facts appearing in the record."[5] Thus, we address the merits of LaFette's appeal "if, and only if, the questions that he seeks to raise on appeal may be resolved by facts appearing in the record, including the transcript of his guilty plea hearing."[6]

(a) LaFette challenges his guilty plea in several respects. First, he alleges that he received ineffective assistance of counsel and that his plea was involuntary. Because there was no post-plea hearing and the only evidence in the record is the plea transcript, LaFette may not pursue a direct appeal of his guilty plea on these bases.[7] Accordingly, this portion of LaFette's appeal is dismissed.[8]

(b) LaFette also contends that the trial court followed an improper procedure in accepting his plea. Specifically, he asserts that the trial court failed to *personally* advise him: (1) that the sentencing recommendations of the State were not binding on the court; and (2) of the maximum possible sentence for the charges. Here, the record shows that before the trial court accepted the plea, the State clearly advised LaFette of the maximum possible sentence and told him that the recommendations of the State were not binding and LaFette indicated that he understood. Thereafter, the trial court asked LaFette if he "heard and understood the questions asked by the district attorney," and LaFette responded affirmatively and stated that he had no questions. Under these circumstances, this enumeration presents no basis for reversal.[9]

LaFette also argues that the trial court erred in "finding [a] factual basis [for] . . . accept[ing]" the plea and that his *Alford*[10] plea was unconstitutional. We disagree. Clearly, "a plea under *Alford* does not violate constitutional protections."[11] And the State advised the trial court that if the case proceeded to trial, he expected the evidence to show that LaFette confronted the victim about a previous burglary at LaFette's apartment and, during the argument, LaFette fatally shot him with a Glock nine millimeter handgun. According to the

---

[5] (Punctuation omitted.) *Caine v. State*, 266 Ga. 421 (467 SE2d 570) (1996).

[6] Id.

[7] See id. at 421-422; *Thompson v. State*, 275 Ga. App. 566, 567 (1) (621 SE2d 475) (2005); *Dorrough v. State*, 226 Ga. App. 362, 363 (2) (486 SE2d 644) (1997).

[8] See *Dorrough*, supra.

[9] See Uniform Superior Court Rule 33.7 ("If the prosecuting attorney has agreed to seek charge or sentence leniency which must be approved by the judge, the judge must advise the defendant personally that the recommendations of the prosecuting attorney are not binding on the judge."); *Wiggins v. State*, 245 Ga. App. 527, 528 (538 SE2d 180) (2000) ("[T]he question is not whether the trial court followed the letter of [Rule 33,] but whether the record, as a whole, affirmatively shows (the) plea was knowing and voluntary.") (punctuation omitted).

[10] See *North Carolina v. Alford*, 400 U. S. 25 (91 SC 160, 27 LE2d 162) (1970).

[11] *Wetherington v. Carlisle*, 273 Ga. 854, 855 (547 SE2d 559) (2001).

State's proffer, the shell casings recovered from the scene were consistent with a Glock nine millimeter handgun, as was a bullet recovered from the victim's body. Before accepting LaFette's plea, the trial court specifically stated that he found a factual basis for the plea. Accordingly, LaFette's contention that the trial court failed to find a factual basis for his plea is without merit.[12]

3. Finally, in multiple enumerations of error, LaFette challenges the trial court's decisions — announced before LaFette pled guilty — to admit similar transaction evidence and to deny him a continuance. He also contends that it was improper for the State's witness who identified him to see LaFette during the suppression hearing.[13] But LaFette waived his right to assert these arguments on appeal by pleading guilty.[14] Thus, this argument presents no basis for reversal.

*Judgment affirmed in part and appeal dismissed in part. Blackburn, P. J., and Bernes, J., concur.*

DECIDED MAY 23, 2007.

Jovan D. LaFette, *pro se.*

Gwendolyn Keyes Fleming, *District Attorney,* Barbara B. Conroy, *Assistant District Attorney,* for appellee.

---

[12] See *McFadden v. State,* 243 Ga. App. 896, 897 (1) (534 SE2d 566) (2000).

[13] LaFette concedes on appeal that the facts supporting this argument do not appear in the record.

[14] See *Hooten v. State,* 212 Ga. App. 770 (1) (442 SE2d 836) (1994) ("a plea of guilty generally waives all defenses or objections, known or unknown, other than an appellate issue of whether the plea was voluntarily made and accepted").