### A08A1139. DUNCAN v. THE STATE.
(662 SE2d 337)

ANDREWS, Judge.

Douglas Clarence Duncan was convicted in 1988 in Butts County Superior Court of kidnapping with bodily injury and armed robbery and sentenced to life imprisonment on each offense. In 2007, Duncan filed four pro se motions in the trial court, including a motion for an out-of-time appeal in which he claimed that he was denied the right to a direct appeal of his conviction because of ineffective assistance of counsel. Duncan appeals from the trial court's order finding that it lacked jurisdiction to consider the motions.

1. As to Duncan's motion seeking an out-of-time appeal, the State concedes that the trial court erred by refusing to address the motion, and that the case must be remanded for the trial court to consider this claim. "An out-of-time appeal is appropriate where, as the result of ineffective assistance of counsel, a timely direct appeal was not taken." (Citation omitted.) *Smith v. State*, 266 Ga. 687 (470 SE2d 436) (1996). The burden is on the movant to establish that the right to a direct appeal was frustrated by ineffective assistance of counsel. *Simmons v. State*, 276 Ga. 525, 526 (579 SE2d 735) (2003). Where the evidence is sufficient to authorize the trial court to find that the movant's conduct caused the loss of the right to direct appeal, the movant has no right to an out-of-time appeal. Id. When a movant seeks an out-of-time appeal alleging that the right to direct appeal was frustrated by ineffective assistance of counsel, the trial court must inquire into the facts to determine responsibility for the failure to pursue a timely direct appeal, and the failure to make such inquiry is an abuse of the court's discretion. Id. Accordingly, the trial

---

[25] *Bryant v. State*, 274 Ga. 798, 801 (4) (560 SE2d 23) (2002).

court erred by refusing to consider the motion, and this case is remanded for the trial court to inquire into the facts relevant to the motion.

2. With respect to the remaining three motions, Duncan contends on appeal that the trial court should have granted the motions, voided his conviction, and set him free because the 1988 judgment of conviction and sentence was null and void. Duncan contends that the judgment (and the sentence rendered pursuant to the judgment) was void pursuant to OCGA § 17-9-4, which provides that "[t]he judgment of a court having no jurisdiction of the person or subject matter, or void for any other cause, is a mere nullity and may be so held in any court when it becomes material to the interest of the parties to consider it." In support of this contention, Duncan asserts that the Butts County Superior Court lacked subject matter jurisdiction. There is no merit to this contention, as the trial court clearly had jurisdiction of the person and subject matter. *Shields v. State*, 276 Ga. 669, 671, n. 10 (581 SE2d 536) (2003); compare *Bush v. State*, 273 Ga. 861-862 (548 SE2d 302) (2001). The substance of Duncan's claim, however, is not that the Butts County Superior Court lacked subject matter jurisdiction, but that the record shows venue was improper in Butts County because the charged offenses did not occur there. "While a conviction obtained without proof of venue may be 'void,' and will warrant reversal and a new trial, it does not justify the departure from the settled procedures for challenging the sufficiency of evidence used to obtain a conviction." (Footnotes omitted.) *Shields*, 276 Ga. at 671. A claim that the evidence was not sufficient to prove venue in the trial court is a procedural matter which is waived if not raised in the defendant's direct appeal of his conviction. Id. at 670. Accordingly, if on remand Duncan establishes the right to file an out-of-time appeal by proving his right to direct appeal was frustrated by ineffective assistance of counsel, he may raise the venue issue in the out-of-time appeal. On the other hand, if it is determined that Duncan has no right to an out-of-time appeal because his own conduct caused the loss of the right to a direct appeal, then Duncan's lack of venue claim was waived. The trial court correctly refused to consider Duncan's attempt to raise the venue issue by motion. Id. at 670-671.

*Judgment affirmed in part, reversed in part and case remanded. Ruffin, P. J., and Bernes, J., concur.*

DECIDED MAY 19, 2008.

Douglas C. Duncan, *pro se.*

*Richard G. Milam, District Attorney*, for appellee.