## A09A2331. CRANE v. THE STATE.
(691 SE2d 559)

</div>

PHIPPS, Judge.

Dan Lee Crane entered a negotiated guilty plea to cocaine possession, agreeing, among other things, to serve a five-year sentence with two of the years to be served in a county jail. He was sentenced to five years, with the latter three to be served on probation, and ordered to pay fines. The sentencing order did not specify any location of imprisonment. Crane filed a motion to vacate the sentence as void, complaining, inter alia, that he had agreed in plea negotiations to serve his sentence only in a county jail, but had been transferred to a state prison. The trial court denied Crane's motion. Crane challenges that ruling on appeal pro se; for the following reasons, we affirm in part, but vacate that portion of the sentence that ordered him to begin making monthly payments during his incarceration. This case is thus remanded for proceedings consistent with this opinion.

1. Crane argues that because he agreed to plead guilty upon the state's representation that he would serve time in the county jail (as opposed to state prison): (1) an illusory promise induced the plea; and (2) the plea was involuntary and unknowing.

To the extent that Crane sought to withdraw his guilty plea, his request was untimely. "[I]t is well established that after the expiration of the term [of court] and of the time for filing an appeal from the conviction, the only remedy available to the defendant for withdrawing a plea is through habeas corpus proceedings."[1] Crane entered the plea agreement on May 15, 2008, and was sentenced that same day, in the January 2008 term of the Superior Court of

---

[1] *LaFette v. State*, 285 Ga. App. 516 (1) (646 SE2d 725) (2007) (punctuation and footnote omitted); *Dupree v. State*, 279 Ga. 613, 614 (619 SE2d 608) (2005) (motion to withdraw guilty plea failed when filed outside term of court of judgment; only available means to withdraw guilty plea was through habeas corpus proceeding).

Habersham County.[2] The record reveals that Crane was transferred to state prison on or about June 6, 2008. According to the record before us, he first complained about the transfer in a motion to modify sentence, filed on November 10, 2008, in the July 2008 term of court.[3] Even if Crane's arguments in that motion could be construed as including a request to withdraw his plea, the trial court would have lacked jurisdiction to rule in Crane's favor.[4]

2. Crane contends that because the sentence was at odds with the plea agreement, the sentence was void. A sentence is void when the trial court imposes a punishment that the law does not allow.[5] When the sentence imposed falls within the statutory range of punishment, the sentence is not void.[6]

(a) The five-year sentence imposed upon Crane fell within statutory guidelines.[7] Therefore, that portion of Crane's punishment was not void. And Crane cannot now revive other time-barred claims by including them in an appeal from the denial of his motion to vacate void sentence.[8]

(b) The portion of the sentence which required Crane to begin making monthly payments on fines, fees and court costs during his incarceration, however, was a punishment that the law does not allow, and therefore is void. Crane could only be ordered to make payments on such fines and fees as a condition of probation.[9]

The sentence entered on May 15, 2008 ordered Crane to serve five years, the first two years in confinement, concurrently with a probation revocation sentence he was then serving out of another county, and the final three years on probation. Crane was given credit for time served since October 5, 2007. He was further ordered, as a condition of probation, to pay a fine and to make payments at a set rate per month beginning on June 1, 2008. In his motion to

---

[2] See OCGA § 15-6-3 (25) (A) (providing that Habersham County has two terms of court, beginning January 1 and July 1).

[3] See id.

[4] See *LaFette*, supra (the superior court's jurisdiction to entertain a motion to withdraw a guilty plea ends after the term of court in which the judgment of conviction was rendered).

[5] *Crumbley v. State*, 261 Ga. 610, 611 (1) (409 SE2d 517) (1991).

[6] *Jones v. State*, 278 Ga. 669, 670 (604 SE2d 483) (2004).

[7] See OCGA § 16-13-30 (a), (c) (providing that it is unlawful for any person to purchase, possess, or have under his control any controlled substance, and that violation of the foregoing is a felony punishable by imprisonment for not less than two years and no more than 15 years).

[8] See *Jones*, supra (assertions taking issue with the procedure employed in imposing a valid sentence or questioning the fairness of an imposed sentence do not allege a sentence is void).

[9] See OCGA § 17-10-8 ("[i]n any case where the judge may, by any law so authorizing, place on probation a person convicted of a felony, the judge may in his discretion impose a fine on the person so convicted as a condition to such probation"); *Eason v. State*, 215 Ga. App. 614, 616 (5) (451 SE2d 820) (1994) (when a trial court awards probation, a fine is authorized), overruled on other grounds, *Turner v. State*, 259 Ga. App. 902 (578 SE2d 570) (2003).

vacate void sentence, Crane claimed he had been ordered to pay "restitution while incarcerated." Because the trial court did not order payment of the fines as compensation to a victim of a crime,[10] it correctly concluded that Crane was not ordered to pay "restitution."

However, while a defendant's payment of a fine as a condition of probation is permissible,[11] insofar as Crane's sentence may have improperly ordered him to begin making monthly payments on a date certain before his incarceration ended and probationary period began, we vacate that portion of the sentence, and remand the case for proceedings not inconsistent with this opinion.

3. Our holdings in Divisions 1 and 2 herein render moot Crane's remaining challenges to the denial of his motion to vacate void sentence.

*Judgment affirmed in part and vacated in part, and case remanded. Smith, P. J., and Bernes, J., concur.*

DECIDED FEBRUARY 18, 2010.

Dan L. Crane, *pro se.*

Brian M. Rickman, *District Attorney*, James F. Staples, Jr., *Assistant District Attorney*, for appellee.

---

[10] See OCGA § 17-14-3 (a) ("[s]ubject to the provisions of Code Section 17-14-10 [providing factors to be considered in determining nature and amount of restitution] . . . a judge . . . shall order an offender to make full restitution to any victim").

[11] See OCGA § 17-10-8.