# Court of Appeals
# of the State of Georgia

ATLANTA,   August 14, 2013

*The Court of Appeals hereby passes the following order:*

**A13A1577. MIDDLETON v. THE STATE.**

This appeal is William Thomas Middleton's sixth attempt to obtain review of his 2005 plea of guilty to one count of sexual exploitation of children. Middleton was sentenced to serve one year in confinement followed by 19 years on probation, but his probation was revoked in 2008. Beginning in January 2009, Middleton has filed at least eight unsuccessful motions in the trial court seeking post-conviction relief.[1]

This court docketed Middleton's first application for a discretionary appeal on October 31, 2012 (A13D0110), which was dismissed on November 27, 2012 because he did not include a file-stamped copy of the order he sought to appeal. Middleton then filed a direct appeal of the trial court's October 2012 order denying his extraordinary motion for new trial. That appeal was docketed in this court on November 28, 2012 (A13A0682) and dismissed on December 19, 2012, because such an appeal must be made by application.

On January 24, 2013, Middleton filed an application for a discretionary appeal of the October 2012 order denying his extraordinary motion for new trial (A13D0218), which was dismissed on February 14, 2013 because the application was filed more than 30 days after the filing of the order he sought to appeal. We noted in

---

[1] "To the extent that [Middleton] sought to withdraw his guilty plea, his request was untimely. It is well established that after the expiration of the term of court and of the time for filing an appeal from the conviction, the only remedy available to the defendant for withdrawing a plea is through habeas corpus proceedings." (Punctuation and footnote omitted.) *Crane v. State*, 302 Ga. App. 422 (1) (691 SE2d 559) (2010).

our order of dismissal that the timing requirement set forth in OCGA § 5-6-35 (d) was jurisdictional and that, lacking jurisdiction, this court had no discretion to consider the application.

Meanwhile, on January 4, 2013, the trial court denied other motions Middleton had filed, including a motion for an out-of-time appeal, and Middleton filed an application for discretionary review of that order (A13D0228). The application was docketed on January 30, 2012, and because the denial of a motion for an out-of-time appeal is directly appealable, this court granted the application in an order issued on February 19, 2013, and gave Middleton ten days from the date of the order to file a notice of appeal with the trial court, if he had not already done so.

On March 8, 2013, Middleton filed a notice of appeal in this court, which we docketed as another application for discretionary appeal (A13D0277). We dismissed that application on April 8, 2013, because the notice of appeal did not show that it had been filed in the trial court.

This direct appeal, A13A1577, was docketed in this court on April 4, 2013. While we recognize the timing difficulties faced by incarcerated persons, the requirement in OCGA § 5-6-35 (g) that the notice of appeal be filed within ten days after this court grants a discretionary appeal is jurisdictional. The order granting Middleton's application for a discretionary appeal in A13D0228 was issued on February 19, 2013, but his notice of appeal was not filed with the superior court clerk until more than ten days later, on March 11, 2013. Accordingly, this direct appeal is DISMISSED for lack of jurisdiction.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,* 08/14/2013
*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court hereto affixed the day and year last above written.*



, *Clerk.*2