# Court of Appeals
# of the State of Georgia

ATLANTA,  December 08, 2016

*The Court of Appeals hereby passes the following order:*

**A17A0673.  LEWIS ALAN CARLTON v. THE STATE.**

Lewis Alan Carlton pled guilty to three counts of impersonation of a public employee, and on October 15, 2012, the trial court imposed a 15 year-sentence, with the first 6 years to be served in confinement and the balance on probation. He did not file a direct appeal. On January 20, 2016, he filed a motion to vacate an illegal sentence, claiming that his sentence was illegal because the trial court deviated from the recommendation of the negotiated plea agreement without announcing its intent to reject the recommendation. The trial court dismissed the motion, and Carlton appeals. We lack jurisdiction.

Under OCGA § 17-10-1 (f), a sentencing court only has the power to modify a sentence within one year of the date upon which the sentence is imposed, or within 120 days after receipt of the remittitur upon affirmance of the judgment after direct appeal, whichever is later. However, a sentencing court has jurisdiction to modify a sentence beyond this statutory limit if the sentence is void. See *Jones v. State*, 278 Ga. 669, 670 (604 SE2d 483) (2004). A direct appeal may lie from an order denying a motion to vacate a void sentence only if the defendant raises a colorable claim that the sentence is, in fact, void. See *Harper v. State*, 286 Ga. 216, 217 n. 1 (686 SE2d 786) (2009); *Burg v. State*, 297 Ga. App. 118, 119 (676 SE2d 465) (2009). "Motions to vacate a void sentence generally are limited to claims that – even assuming the existence and validity of the conviction for which the sentence was imposed – the law does not authorize that sentence, most typically because it exceeds the most severe punishment for which the applicable penal statute provides." *von Thomas v. State*, 293 Ga. 569, 572 (2) (748 SE2d 446) (2013). When a sentence is within the statutory

range of punishment, it is not void. *Jones*, supra at 670.

Here, Carlton's sentence fell within the statutory range of punishment. See OCGA § 16-10-23 (providing that the maximum term of imprisonment for impersonation of a public employee is five years). Further, his challenge to the trial court's purported deviation from the negotiated plea agreement does not state a valid void-sentence claim. "Assertions taking issue with the procedure employed in imposing a valid sentence or questioning the fairness of an imposed sentence do not allege a sentence is void and therefore are not a means for post-appeal, post-§ 17-10-1 (f) sentence modification." *Jones*, supra at 670; see also *Crane v. State*, 302 Ga. App. 422, 423 (2) (a) (691 SE2d 559) (2010) (sentence at odds with plea agreement fell within statutory guidelines and was not, therefore, void). Because Carlton has not raised a valid void-sentence claim, we lack jurisdiction to consider his appeal. See *Burg*, supra at 120.[1]

Accordingly, this appeal is hereby DISMISSED for lack of jurisdiction.



*Court of Appeals of the State of Georgia*
*Clerk's Office,*
*Atlanta,* __12/08/2016__
    *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
    *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*

---

[1] To the extent Carlton's motion should be construed as a request to withdraw his guilty plea, it was untimely, because it was filed outside of the term of court in which he was sentenced. See *Crane*, supra at 422-423 (1).