**FIFTH DIVISION**
**MCFADDEN, C. J.,**
**MCMILLIAN, P. J., and SENIOR APPELLATE JUDGE PHIPPS**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**September 20, 2019**

# In the Court of Appeals of Georgia

A19A1417. McKEEVER v. THE STATE.

McFADDEN, Chief Judge.

Alfonza McKeever, Jr., acting pro se, brings this timely direct appeal from the trial court's judgment of conviction following McKeever's entry of an *Alford* plea. See *North Carolina v. Alford*, 400 U. S. 25 (91 SCt 160, 27 LE2d 162) (1970). McKeever's appellate briefing is severely deficient, but as best we can discern, pursuant to our obligations under *Felix v. State*, 271 Ga. 534 (523 SE2d 1) (1999),[1] McKeever's claims of error fall into three general categories. His challenge to the

---

[1] In *Felix v. State*, our Supreme Court reiterated the requirement that an appellate court "consider the appeal where it is apparent from the notice of appeal, the record, the enumeration of errors, or any combination of the foregoing, what errors are sought to be asserted upon appeal[,]" even if "the enumeration of errors fails to enumerate clearly the errors sought to be reviewed[.]" 271 Ga. at 538 (citing OCGA § 5-6-48 (f); punctuation omitted).

voluntariness of his guilty plea cannot be resolved on the record, so we must dismiss that portion of his appeal. His challenge to the trial court's jurisdiction over him has no merit. And he waived appellate review over his various other claims of trial court error by virtue of his guilty plea. So we affirm the judgment in part and dismiss the appeal in part. See *LaFette v. State*, 285 Ga. App. 516 (646 SE2d 725) (2007).

1. *Facts and procedural posture.*

On November 13, 2018, McKeever was indicted for, among other things, violating the Racketeer Influenced and Corrupt Organizations Act ("RICO"), OCGA § 16-14-4 (c), predicated on allegations that he engaged in acts of insurance fraud, theft by deception, and identity fraud that involved making false claims about car accidents. This was a reindictment following the state's dismissal of a 2017 indictment of McKeever for the same offenses under a different case number, and during the course of the proceedings under the earlier indictment the trial court had granted McKeever's request to represent himself.

The trial court made a number of pre-trial rulings, including denying McKeever's request to continue a January 14, 2019 trial date.[2] On the day of trial,

---

[2] Several of the pre-trial rulings were the subject of two applications for discretionary appellate review filed by McKeever, which we dismissed on the grounds that he had failed to follow the procedure required for review of interlocutory

McKeeever again asked for a continuance, arguing that he was not prepared to proceed, and the trial court again denied the request, informing McKeever that he could either proceed to trial or enter a guilty plea. After engaging in a plea colloquy, McKeever entered an *Alford* plea to the RICO count; the remaining counts of the indictment were nolle prossed.

Immediately thereafter, McKeever filed a notice of appeal from the trial court's entry of the judgment of conviction. It appears from the record that he did not ask the trial court to withdraw his guilty plea.

2. *Challenges to voluntariness of guilty plea.*

McKeever argues that he felt pressured to enter the guilty plea, which we construe as a challenge to the voluntariness of the plea. He argues that the trial court assumed a prosecutorial role and threatened him, but the transcript of the plea hearing does not support that claim. And we do not discern within McKeever's appellate briefs any other

> contention that, in accepting the guilty plea, the trial court erroneously
> failed to follow the established procedure. . . . Thus, the existing record,
> including the transcript of the guilty plea hearing, is immaterial to

orders and, in the case of his second application, because the application was untimely.

3

[McKeever's] appeal [as to his claims regarding voluntariness]. The issues which he seeks to raise on appeal [regarding voluntariness] can be developed only in the context of a post-plea hearing. [McKeever] could have filed a motion to withdraw his guilty plea and then his claims [regarding voluntariness] would have been fully aired in a timely manner at the hearing on the motion. If [McKeever] had done so and the trial court had denied the motion, then he could have appealed from that denial. However, in this case there was no such motion or hearing and, thus, no appeal from an order denying the motion. The issues which [McKeever] raises [regarding voluntariness] cannot be resolved only by facts appearing in the existing record.

*Caine v. State*, 266 Ga. 421, 422 (467 SE2d 570) (1996). See *Grantham v. State*, 267 Ga. 635, 635-636 (481 SE2d 219) (1997) (defendant's argument that his guilty plea was involuntary because "he was threatened by the prosecutor and was under duress for having to proceed to trial with an undesirable attorney" involved issues that could be "developed only in the context of a post-plea hearing"). "Accordingly, [the portion of his appeal challenging the voluntariness of his plea] must, therefore, be dismissed." *Caine*, supra. See *LaFette*, 285 Ga. App. at 517 (2) (a) (dismissing portion of defendant's direct appeal that challenged voluntariness of guilty plea but deciding other claims on their merits).

We note that the law requiring dismissal of an appeal from a judgment entered on a guilty plea unless the issue on appeal can be resolved by facts appearing in the record, including *Caine v. State*, supra, 266 Ga. 421, has been called into question. See *Ringold v. State*, 304 Ga. 875, 883-886 (3) (823 SE2d 342) (2019) (Nahmias, J., concurring specially). Nevertheless, until our Supreme Court overrules this precedent, we are bound to apply it. See *Cooper v. State*, 348 Ga. App. 649, 652-653 (4) (824 SE2d 571) (2019).

3. *Challenges to jurisdiction.*

McKeever argues that the trial court lacked jurisdiction over him. We may review this claim of error notwithstanding McKeever's guilty plea, because it is "grounded upon the right not to be haled into court at all[.]" *Hooten v. State*, 212 Ga. App. 770, 771 (1) (442 SE2d 836) (1994) (citation and punctuation omitted). Accord *Davis v. State*, 251 Ga. App. 436, 437 (554 SE2d 583) (2001). But "[t]here is no merit to this contention, as the trial court clearly had jurisdiction of the person and subject matter." *Duncan v. State*, 291 Ga. App. 580, 581 (2) (662 SE2d 337) (2008). See *Shields v. State*, 276 Ga. 669, 671 (3) n. 10 (581 SE2d 536) (2003). Thus, this argument presents no basis for reversal.

4. *Remaining challenges*.

McKeever makes several claims of error in his briefs that he does not associate with any ruling by the trial court. Because we are a court for the correction of errors, *Felix*, 271 Ga. at 539, these arguments present no basis for reversal. And as to McKeever's remaining claims of trial court error, he "waived his right to assert these arguments on appeal by pleading guilty. Thus, th[ese] arguments present[ ] no basis for reversal." *LaFette*, 285 Ga. App. at 518 (3) (footnotes omitted; involving *Alford* plea).

*Judgment affirmed in part and appeal dismissed in part. Senior Appellate Judge Herbert E. Phipps, concurs. McMillian, P.J. concurs in Divisions 1, 3, and 4, and in the judgment only as to Division 2.\**

**DIVISION 2 OF THIS OPINION IS PHYSICAL PRECENDENT ONLY. COURT OF APPEALS RULE 33.2.**