**FIFTH DIVISION**
**MCFADDEN, C. J.,**
**MCMILLIAN, P. J., and SENIOR APPELLATE JUDGE PHIPPS**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules

**November 15, 2019**

# In the Court of Appeals of Georgia

A19A1417. McKEEVER v. THE STATE.

MCFADDEN, Chief Judge.

Alfonza McKeever, Jr., acting pro se, brings this timely direct appeal from the trial court's judgment of conviction following McKeever's entry of an *Alford* plea. See *North Carolina v. Alford*, 400 U. S. 25 (91 SCt 160, 27 LE2d 162) (1970). McKeever's appellate briefing is severely deficient, but as best we can discern, pursuant to our obligations under *Felix v. State*, 271 Ga. 534 (523 SE2d 1) (1999),[1] McKeever's claims of error fall into three general categories. His challenge to the

---

[1] In *Felix v. State*, our Supreme Court reiterated the requirement that an appellate court "consider the appeal where it is apparent from the notice of appeal, the record, the enumeration of errors, or any combination of the foregoing, what errors are sought to be asserted upon appeal[,]" even if "the enumeration of errors fails to enumerate clearly the errors sought to be reviewed[.]" 271 Ga. at 538 (citing OCGA § 5-6-48 (f); punctuation omitted).

voluntariness of his guilty plea cannot be resolved on the record. His challenge to the trial court's jurisdiction over him has no merit. And he waived appellate review over his various other claims of trial court error by virtue of his guilty plea. So we affirm.

1. *Facts and procedural posture.*

On November 13, 2018, McKeever was indicted for, among other things, violating the Racketeer Influenced and Corrupt Organizations Act ("RICO"), OCGA § 16-14-4 (c), predicated on allegations that he engaged in acts of insurance fraud, theft by deception, and identity fraud that involved making false claims about car accidents. This was a reindictment following the state's dismissal of a 2017 indictment of McKeever for the same offenses under a different case number, and during the course of the proceedings under the earlier indictment the trial court had granted McKeever's request to represent himself.

The trial court made a number of pre-trial rulings, including denying McKeever's request to continue a January 14, 2019 trial date.[2] On the day of trial, McKeeever again asked for a continuance, arguing that he was not prepared to

---

[2] Several of the pre-trial rulings were the subject of two applications for discretionary appellate review filed by McKeever, which we dismissed on the grounds that he had failed to follow the procedure required for review of interlocutory orders and, in the case of his second application, because the application was untimely.

proceed, and the trial court again denied the request, informing McKeever that he could either proceed to trial or enter a guilty plea. After engaging in a plea colloquy, McKeever entered an *Alford* plea to the RICO count; the remaining counts of the indictment were nolle prossed.

Immediately thereafter, McKeever filed a notice of appeal from the trial court's entry of the judgment of conviction. It appears from the record that he did not ask the trial court to withdraw his guilty plea.

2. *Challenges to voluntariness of guilty plea.*

McKeever argues that he felt pressured to enter the guilty plea, which we construe as a challenge to the voluntariness of the plea. He argues that the trial court assumed a prosecutorial role and threatened him, but the transcript of the plea hearing does not support that claim. And we do not discern within McKeever's appellate briefs any other challenge to voluntariness that can be resolved by the existing record. To win on appeal, a defendant "must be able to show reversible error, and he must do so on the existing record." *Collier v. State*, __ Ga. __, __ (1) (__ SE2d __) (Case No. S19A0658, decided October 21, 2019). Because McKeever has not shown on the existing record that his challenge to the voluntariness of his plea has merit, he has not shown reversible error. See generally *Collier* at __ (1) n. 6 ("Following our decision

3

today, if a defendant who appeals directly from a guilty plea cannot prevail on the merits, we will simply affirm the conviction, rather than dismiss the appeal.").

3. *Challenges to jurisdiction.*

McKeever argues that the trial court lacked jurisdiction over him. We may review this claim of error notwithstanding McKeever's guilty plea, because it is "grounded upon the right not to be haled into court at all[.]" *Hooten v. State*, 212 Ga. App. 770, 771 (1) (442 SE2d 836) (1994) (citation and punctuation omitted). Accord *Davis v. State*, 251 Ga. App. 436, 437 (554 SE2d 583) (2001). But "[t]here is no merit to this contention, as the trial court clearly had jurisdiction of the person and subject matter." *Duncan v. State*, 291 Ga. App. 580, 581 (2) (662 SE2d 337) (2008). See *Shields v. State*, 276 Ga. 669, 671 (3) n. 10 (581 SE2d 536) (2003). Thus, this argument presents no basis for reversal.

4. *Remaining challenges*.

McKeever makes several claims of error in his briefs that he does not associate with any ruling by the trial court. Because we are a court for the correction of errors, *Felix*, 271 Ga. at 539, these arguments present no basis for reversal. And as to McKeever's remaining claims of trial court error, he "waived his right to assert these arguments on appeal by pleading guilty. Thus, th[ese] arguments present[ ] no basis

4

for reversal." *LaFette v. State*, 285 Ga. App. 516, 518 (3) (646 SE2d 725) (2007) (footnotes omitted; involving *Alford* plea).

*Judgment affirmed. McMillian, P.J., and Senior Appellate Judge Herbert E. Phipps concur*.