# Court of Appeals
# of the State of Georgia

ATLANTA,  January 28, 2025

*The Court of Appeals hereby passes the following order:*

## A25A0931. ANDREW C. MOSTYN v. THE STATE.

In March 2022, Andrew C. Mostyn petitioned to plead guilty to charges of rape, kidnapping, aggravated battery, aggravated assault, and battery. Under the express terms of the plea agreement, the court would sentence Mostyn to 40 years, to serve 15, for rape, and impose concurrent sentences on the remaining counts. On March 16, 2022, the trial court entered a sentence of forty years, to serve fifteen, for rape, but also indicated both that the first twelve years were to be served in confinement and that, after three years, the remainder of Mostyn's sentence would be served on probation. The following day, on March 17, 2022, the trial court entered an amended sentence for rape: 40 years, to serve 15. More than two years later, in November 2024, proceeding pro se, Mostyn filed a motion to vacate the sentence imposed on March 17, 2022 and "reinstate" the original sentence, arguing that "[n]o clerical errors occurred"and he had agreed to plead guilty in exchange for serving three years in prison. The trial court denied the motion to vacate, and Mostyn filed this direct appeal. We lack jurisdiction.

Under OCGA § 17-10-1 (f), a trial court may modify a sentence during the year after its imposition or within 120 days after remittitur following a direct appeal, whichever is later. *Frazier v. State*, 302 Ga. App. 346, 347-348 (691 SE2d 247) (2010). Once this statutory period expires, as it had here when Mostyn filed his motion to vacate, a trial court may modify a sentence only if it is void. *Jones v. State*, 278 Ga. 669, 670 (604 SE2d 483) (2004). And a sentence is void only when the trial court imposes punishment that the law does not allow. Id. "Motions to vacate a void

sentence generally are limited to claims that — even assuming the existence and validity of the conviction for which the sentence was imposed — the law does not authorize that sentence, most typically because it exceeds the most severe punishment for which the applicable penal statute provides." *von Thomas v. State*, 293 Ga. 569, 572 (2) (748 SE2d 446) (2013). A direct appeal does not lie from the denial of a motion to vacate a void sentence filed outside the statutory time period unless the motion raises a colorable claim that the sentence is, in fact, void. *Frazier*, 302 Ga. App. at 348.

Here, Mostyn has failed to raise a colorable claim that his sentence is void. The maximum sentence for rape is imprisonment for life. See OCGA § 16-6-1 (b) ("A person convicted of the offense of rape shall be punished . . . by imprisonment for life without parole, by imprisonment for life, or by a split sentence that is a term of imprisonment for not less than 25 years and not exceeding life imprisonment, followed by probation for life."). Accordingly, Mostyn's sentence of 40 years, to serve 15, is not void. Further, his challenge to the trial court's purported deviation from the negotiated plea agreement does not state a valid void-sentence claim. As a factual matter, the plea agreement paperwork that he signed indicated that he would be sentenced to 40 years, to serve 15, and he acknowledged as much at his plea hearing. Moreover, "[r]ulings on pleadings asserting erroneous procedure or unfair treatment are not subject to direct appeal because they are not rulings on whether the sentence is void." *Jones*, 278 Ga. at 670; see, e.g., *Crane v. State*, 302 Ga. App. 422, 423 (2) (a) (691 SE2d 559) (2010) (explaining that sentence at odds with plea agreement fell within statutory guidelines and was not, therefore, void).

For these reasons, Mostyn has failed to raise a colorable void-sentence claim, and this appeal is hereby DISMISSED for lack of jurisdiction. See *Jones*, 278 Ga. at 671.



*Court of Appeals of the State of Georgia*
   *Clerk's Office, Atlanta,*   01/28/2025

     *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

     *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____, *Clerk.*